224 So.2d 179 (1969)
Robert F. FRAZIER, Plaintiff-Appellant,
v.
MISSOURI PACIFIC RAILROAD COMPANY et al., Defendants-Appellee-Appellant.
No. 2700.
Court of Appeal of Louisiana, Third Circuit.
June 12, 1969.
Rehearing Denied July 7, 1969.
Kizer, Heaton & Cangelosi, by Chapman L. Sanford, and George Bourgeois, Baton Rouge, for plaintiff-appellant-appellee.
Kaufman, Anderson, Leithead, Scott & Boudreau, by Everett R. Scott, Lake Charles, for defendants-appellees.
Hall, Raggio, Farrar & Barnett, by Fred L. Cappel, Lake Charles, for defendants-appellee-appellant.
Before FRUGE, HOOD and CULPEPPER, JJ.
FRUGE, Judge.
This is an action for personal injuries and damages arising from a truck-train collision which occurred on December 6, 1966, at approximately 4:50 o'clock a. m., within the southern limits of the City of Oakdale, Louisiana. The semi-truck and trailer unit driven by plaintiff, Robert F. Frazier, struck the second and third cars of a Missouri Pacific Railroad Company three-car train which was stopped on a spur track spanning U. S. Highway 165. The accident caused plaintiff personal injury and property damage. Made defendants in the action were the Missouri Pacific Railroad Company, and its employees operating the train at the time, W. L. Maglothin, K. G. Calhoon, C. T. Hammack, J. N. Showers, and R. S. Anders.
Aetna Casualty and Surety Company, the workmen's compensation insurer of plaintiff's *180 employer, filed an intervention for workmen's compensation benefits paid to plaintiff and to be paid in the future.
For the purposes of trial, this action was consolidated with a suit against the defendants by Car City Insurance Company, the insurer of plaintiff's vehicle, who sought the amount it became obligated to pay.
The defendants filed motions for summary judgment supporting each with affidavits and documents. After a hearing, the trial court sustained both motions for summary judgment, granting judgment in favor of defendants. Although the court noted some possible factual issues, the motions were granted on the basis of the plaintiff's alleged contributory negligence.
The questions for our determination involve the finding by the trial court that the pleadings and evidence revealed no genuine issues of material fact, that the plaintiff was contributorily negligent and that the defendants were therefore due judgment in their favor as a matter of law.
In more detail, the facts are as follows:
Plaintiff left Houston, Texas, on December 9, 1966, for Monroe, Louisiana, driving his new Dodge truck, pulling a 35,000 pound load of steel on a tandem trailer. His route included U. S. Highway 165, passing through Oakdale, Louisiana. At or about 4:50 a. m., on the morning of December 9, three diesel locomotives of the Missouri Pacific Railroad Company proceeded to the crossing of Highway 165 over the industrial or "lead" track of the railroad that services one of the industries near Oakdale. Although these points are heavily disputed by plaintiff, it was alleged by the defendants that prior to the crossing the train had stopped, the operator observing that there was no traffic on the highway, and that after blowing the whistle and receiving clearance from one of the trainmen, the train was moved to span the highway, awaiting the coupling of cars. It is alleged by the defendants that the lights fore and aft on the train were burning, and as well the side lights on the train were in operation. Further, the brakemen allegedly placed flares (fusees) next to the right lanes of both the south and north highway portions. When the train had been in said position for at least one full minute, the train's fireman, J. N. Showers, first noticed the headlights of plaintiff's truck approaching. According to his affidavit, he estimated the speed to be between forty and fifty miles per hour. The truck did not appear to be slowing down and in response to the warning of the brakeman, R. L. Anders, now deceased, fireman Showers blew the whistle in emergency one long blast and several short blasts. The engines had been stopped across the highway for approximately two or three minutes when the vehicle driven by plaintiff struck the locomotives, the center of the truck colliding with the engines at a point approximately equal distance between the second and third locomotives.
According to plaintiff, an experienced commercial truck driver, he was driving at approximately fifty miles per hour as he approached the crossing. He observed no flares or lights giving him warning and heard no whistle or bells. His visibility was somewhat restricted by a light fog or mist, the weather being overcast but dry. As he approached the city limits of Oakdale, he slowed his vehicle to approximately forty miles per hour. Very shortly thereafter, he was confronted with the presence of a train across the highway, the distance being so that he was left only with time sufficient to attempt evasive measure, but to no avail.
Plaintiff's contentions in argument to this court and in his brief were that he was not given sufficient time in which to seek out additional witnesses and expert testimony to prove his theory of the case that the visibility and general atmospheric conditions at the time were such that they would have prevented any reasonably prudent driver from being able to ascertain the presence of the train and to take action to avoid the accident. He alleges that the evidence at trial would prove that plaintiff, *181 because of the negligence of defendant and its employees, was unwarned of the presence of the engine and cars blocking the highway. He alleges that the evidence adduced at trial would prove that the conditions in the atmosphere, the time of day, the dark color of the stopped train, all caused such a blending in of the train with the area, that it was physically impossible for any reasonable man, including plaintiff, to have seen the train up until right upon it, and these circumstances could not have been anticipated.
Defendants contend that their employers used all manner of things to warn plaintiff of the danger ahead, and that the evidence reveals that these included whistles, flares, bells and lights. Defendants contend that visibility was unrestricted at the time of the accident, and that therefore, the accident could not have occurred except for plaintiff's negligence, either direct or contributory.
In ruling in favor of the motions for summary judgment, the trial court noted that there were possible questions as to the presence of sufficient flares or lights warning plaintiff of the train, and as to visibility at the scene of the accident, but it concluded that the evidence called for a conclusion that plaintiff was contributorily negligent. The conclusion was based on the reasoning that if visibility was in any way obstructed, plaintiff was contributorily negligent for not slowing down to drive within the limits of his visibility. If visibility was not obstructed, plaintiff should have seen the locomotives which occupied the crossing.
Under L.S.A.C.C.P. Art. 966, a motion for summary judgment can only be sustained where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
In the recent case of Roy & Roy v. Riddle, 187 So.2d 492 (La.App. 3d Cir., 1966) at page 494, we construed these statutory provisions as follows:
"The courts have noted repeadly that the summary judgment remedy is not a substitute for a trial and may not be resorted to when there is a genuine issue of material fact which must be resolved. In passing upon a motion for summary judgment, the function of the court is not to determine the merits of the issues raised, but rather only to determine whether or not there is a genuine issue of material fact. To obtain a summary judgment it is not sufficient to prove that it is unlikely that the plaintiff may recover, nor that the showing then made preponderantly indicates there is no liability. The burden of showing that there is not a material factual issue is upon the mover for summary judgment. All doubts are to be resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve disputed facts."
In the way of affidavits, the defendants entered that of the trainmen present at the scene of the accident, which affidavits, in summary, evidence the fact that the train crew had taken all precautions necessary including a watch of the roadway before the crossing thereof, the setting out of flares, and the use of warning whistles. As well, these affidavits contend that although it had rained shortly before the time of the accident and it was still dark, there was no haze, mist, or fog obstructing visibility whatsoever.
In opposing the motion, the plaintiff filed the affidavit of James D. Myles, who arrived at the scene as the accident was happening, but from the opposite direction. His affidavit questions the presence of flares and substantiates plaintiff's allegations as to visibility. The affidavit of Stewart Strother, the policeman who investigated the accident, as well questions the presence of flares and of visibility, as does that of James Cole, another truck driver who passed the scene of the accident prior to the accident. In addition, the affidavit of plaintiff noted the facts given earlier.
*182 In view of the dispute among the witnesses as to the facts, we are constrained to disagree with the determination of the trial court that there does not exist any genuine issue as to material facts and that the mover was entitled to judgment as a matter of law. On the contrary, there seems to be grave dispute equally supported on both sides as to what exactly was the visibility at the time of the accident, and as to whether the defendant's employees did in fact display sufficient warnings to any approaching motorist of the presence of the train across the highway. Construing plaintiff's pleadings and affidavits in light most favorable to him, we cannot say that defendants were free of a duty to warn plaintiff of the presence of the train, or that the measures taken, if any, by defendants were sufficient. As well, we do not believe that the plaintiff's contributory negligence is so apparent that we can deny him his day in court.
Defendants contend that regardless of the possible evidence that could be brought out on trial, the plaintiff can still not recover. They cite in their brief numerous cases involving such train-automobile accidents, at a time when the train was stationery across the highway, in stating that no case in Louisiana has allowed recovery under factual circumstances similar to this case.
In answer to these contentions we feel that all that need be said is that each of those cases was decided upon the facts in that case. We cannot say, without the benefit of a full trial, what the facts in this case would eventually prove to be. Whether the facts adduced at trial would lead to a conclusion similar to that arrived at in the cases cited, that plaintiff cannot recover, can only be determined after trial. At the least, the facts are sufficiently in dispute to give him that trial. There are cases that have considered situations similar to this, and have not refuted the possibility of such a duty on the part of the defendant in view of unusual circumstances, which it might be proven, exist in this case. See Squyres v. Baldwin, 191 La. 249, 185 So. 14 (1938).
For the foregoing reasons, the judgment of the district court sustaining the motion for summary judgment entered by defendants is hereby reversed. The case is remanded to the district court for further proceedings consistent with this ruling. Costs of this appeal to be paid by defendants-appellees.
Reversed and remanded.

On Application for Rehearing.
En Banc. Rehearing denied.
SAVOY and MILLER, JJ., recused.