MILLER, Judge.
This is a malpractice suit by Paul George, individually and as administrator of the estate of his 13 year old minor son, Wardell George, against Dr. E. J. Petitjean, a dentist of Crowley, Louisiana, and his insurer, *445 Fireman’s Fund Insurance Company. The trial court sustained defendants’ motion for summary judgment, and plaintiff has appealed.
Issue: Is there a material issue as to' any substantial fact?
Plaintiff had taken depositions of Dr. Petitjean and Dr. John William Faulk, Jr., surgeon of Crowley, for discovery and trial purposes. Defendant took the deposition of Dr. Thomas Henry Casanova, Board Qualified Ear, Nose and Throat specialist. At the hearing on the motion for summary judgment defendants offered all three depositions together with the official reports from Louisiana Charity Hospital of New Orleans concerning history, diagnosis, treatment and prognosis of Wardell George. Plaintiff made no offerings.
The trial court found that the evidence clearly and without contradiction demonstrated that there was no causal connection between the extraction of the lower molar tooth and the condition for which damages are claimed.
Doctors Casanova, Faulk and Petitjean were each of the opinion that there was no causal connection between the extraction of the tooth and the boy’s condition as found by them and as reported in the records from Charity Hospital. However, each admitted that they could not state that a causal connection was impossible, because in medicine, almost anything is possible. Dr. Faulk explained it this way (Tr. 69, 70) “ * * * In medicine some of the most ridiculous things in the world can happen and that (the alleged relationship between the tooth extraction and the boy’s condition) would be one of them as far as I’m concerned. But I wouldn’t say it couldn’t happen. * % »
Appellant admits that the evidence at this stage preponderates in favor of defendants, but contends that plaintiff is entitled to his day in court, citing Fontenot v. Aetna Insurance Company, 225 So.2d 648 (La.App. 3rd Cir. 1969). There we held that:
“ * * * To obtain a summary judgment it is not sufficient to prove that it is unlikely that the plaintiff may recover, nor that the showing then made preponderantly indicates there is no liability. The burden of showing that there is not a material factual issue is upon the mover for summary judgment. All doubts are to be resolved against the granting of a summáry judgment and in favor of a trial on the merits to resolve disputed facts, (citations omitted)”
See also Frazier v. Missouri Pacific Railroad Company, 224 So.2d 179 (La.App. 3rd Cir. 1969).
Defendants contend that plaintiff’s claim rests solely on the contention that the boy’s condition was the direct and proximate result of the tooth extraction; that since there is no medical testimony (and we agree that there is none) to the effect that the tooth extraction could have either caused or aggravated such a condition, there is no material issue as to any substantial fact.
On the other hand, plaintiff contends that even if defendants have established (as of this stage of the proceedings) that there was no negligence related to the extraction of the tooth, plaintiff is entitled to attempt to prove his allegation that Dr. Petitjean was negligent “In failing to take proper medical precautions prior to and after the extraction.” (Article 9 [B])
As to medical precautions prior to the extraction, the evidence shows that the Doctor refused for medical reasons to extract the tooth some three weeks earlier; that at that time, he asked Mr. George to take his son to a physician for medical treatment for the swelling that was then apparent; that when they returned some weeks later, he did not inquire concerning the diagnosis or treatment of the condition, but proceeded to extract the tooth because he found no swelling on that occasion.
As to medical precautions after the extraction, the evidence shows that the Doctor received a complaint of pain in the “tooth” *446 three days later; that this complaint was by telephone on a Sunday while he was on his way out of town; that he concluded (without examination) that the trouble was a “dry socket” and requested that plaintiff’s father take the boy to the Hospital to pick up some medication for this condition; that the Doctor next saw the patient some two weeks later after the patient had been treated at Charity Hospital in New'Orleans.
There is no testimony in the record to establish the standard of care of dentists in this community. It may be that such evidence would show that this is standard and proper care under the circumstances. But the burden of showing that there is not a material factual issue is upon the mover for summary judgment. All doubts are to be resolved against the granting of a summary judgment. Fontenot v. Aetna Insurance Company, supra; Frazier v. Missouri Pacific Railroad Company, supra.
We distinguish the case of Joiner v. Lenee, 213 So.2d 136 (La.App. 3rd Cir. 1968). There the only indication that there was a dispute was found in the pleadings. But here, there is evidence in the record which might show negligence either before or after the tooth extraction. There is no opinion or statement by any Doctor that these acts are not related to the condition for which plaintiff seeks damages.
There remains a material issue as to whether or not the standard of care for dentists in this community was followed by Dr. Petitjean.
The judgmént of the district court sustaining the motion for summary judgment is reversed. The case is remanded to the district court for further proceedings. Costs of this appeal are to be paid by defendants-appellees.
Reversed and remanded.