CULPEPPER, Judge.
Plaintiff purchased a dwelling owned and occupied by defendant. When defendant vacated the premises, he removed two colored glass “doors” which were located between the den and the living room. Plaintiff filed this suit to recover the “doors”. The city judge granted plaintiff’s motion for summary judgment. Defendant appealed.
The issue is whether the alleged “doors” were immovable within the contemplation of the relevant articles of our Civil Code If so, they were conveyed to plaintiff as part of the dwelling. Defendant contends they are not actually “doors” but, instead, are “schogie screens” which are movable and are the personal property of the defendant.
The affidavit attached to plaintiff’s motion for summary judgment states in pertinent part: “There were two glass doors located in the residence above described which doors were attached to and a part of the building. The said doors were located in the home between the den and the living room.”
The opposing affidavit filed by defendant states in part: “The two colored glass fixtures located in the residence . were in fact not properly characterized as ‘doors’ but were decorative furnishings temporarily attached to the interior of the residence. The above mentioned glass furnishings are commonly referred to as *76 ‘schogie screens.’ The affiant did not attach the above described schogie screens with plaster or other permanent fixings. Further, the affiant did not intend to make these decorative fixtures a permanent part of the residence and as they were not permanently attached to the residence, they remained part of affiant’s personal property.”
Summary judgment may be granted only where the pleadings, affidavits, etc. “show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”, LSA-C.C. P. Article 966. Jurisprudence holds the burden is on the mover to show clearly there is no such factual issue, and any doubt must be resolved against the granting of a summary judgment, Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963); Smith v. Preferred Risk Mutual Insurance Company, 185 So.2d 857 (La.App. 3rd Cir. 1966). We ultimately reach the conclusion that there are factual issues which must be determined in a trial on the merits.
The applicable law is set forth at length in LaFleur v. Foret, 213 So.2d 141 (La. App. 3rd Cir. 1968). At issue there were window air-conditioners which rested on metal racks attached to the window sills with two small screws. The first contention was that the air-conditioners were immovable by destination, under the last paragraph of LSA-C.C. Article 468 which provides: “All such movables as the owner has attached permanently to the tenement or to the building, are likewise immovable by destination.” Article 469 explains what is meant by permanent attachment. We held that since the units could be easily removed without injury to the building, except two small screw holes, there was no permanent attachment under Articles 468 and 469.
The second contention in LaFleur v. Foret was that the air-conditioners were immovable by destination, under the first portion of LSA-C.C. Article 468 which provides: “Things which the owner of a tract of land has placed upon it for its service and improvement are immovables by destination.” Then follows an illustrative list of unattached movables used for agricultural or industrial purposes. We held these codal provisions do not apply to residences.
The third contention in LaFleur v. Foret was that the air-conditioners became immobilized by nature, and were thus component parts of the building under LSA-C.C. Article 467. This article gives an illustrative list of articles which become immovable by nature “. . . when actually connected with or attached to the building by the owner for the use or convenience of the building . . .” We held that the air-conditioning units had not become component parts of the building under Article 467. In reaching this decision we considered (1) contemporary views as to what are component parts of a dwelling in the light of current house construction practices and (2) the degree of connection or attachment to the building. We recognized that different factual situations might warrant additional considerations. Using these tests, we found that the window air-conditioning units are portable, are often and easily moved from house to house, and are not generally considered as component parts of a dwelling. Furthermore, we found that the degree of connection or attachment to the building was minimal.
Applying these rules to the present case, it is apparent that there is a factual issue as to the degree of connection or attachment of these “doors” or “schogie screens” to the building. The affidavits do not show how they were attached, how easily they could be removed or the injury to the building that would result from their removal.
Furthermore, there are factual issues as to the nature of these “schogie screens” and whether they would be considered component parts of the dwelling under contemporary views of current house construction practices.
*77 There may be other factual issues which could develop on the trial of the merits in light of our decision in LaFleur v. Foret, supra.
We conclude there are genuine issues of material fact which preclude summary judgment.
For the reasons assigned, the judgment appealed is reversed and set aside. This case is remanded to the Lake Charles City Court for further proceedings in accordance with law and the views expressed herein. All costs of this appeal are assessed against the plaintiff appellee. Assessment of costs in the trial court must await a final decision there.
Reversed and remanded.