281 So.2d 761 (1973)
Olevia H. LACHNEY, Plaintiff-Appellant,
v.
EMPLOYERS CASUALTY COMPANY et al., Defendant-Appellee.
No. 4252.
Court of Appeal of Louisiana, Third Circuit.
August 20, 1973.
Neblett, Fuhrer & Broussard by Samuel H. Craven, Alexandria, for plaintiff-appellant.
Gist, Methvin & Trimble by H. B. Gist, Jr., Alexandria, for defendant-appellee.
Before HOOD, CULPEPPER and MILLER, JJ.
MILLER, Judge.
Plaintiff Olevia H. Lachney appeals the summary judgment awarded defendants The Kroger Company and its insurer Employers Casualty Company, on finding plaintiff's deposition established her contributory negligence. We reverse and remand.
Plaintiff alleged and testified at her discovery deposition that she received severe injuries to the thumb of her left hand when she lifted a frozen hen from a bin in *762 a frozen food display case in Kroger's Pineville store. As she removed the hen, other frozen hens in the display toppled onto her hand causing the injury.
The trial court summarized some of plaintiff's testimony as stating "... that she picked a $3.05 hen from right on top of the stack. She also said that the hen was rather difficult to pull out and that since that accident happened ..." she has been careful to take the top article from frozen food displays.
Plaintiff also stated while on cross examination at deposition that "... you would never know that the ones here in the middle (where she picked up the hen) were bracing the ones on the sides ..." Tr. 27, Tr. 28.
Certain portions of plaintiff's deposition indicate that she was free from negligence. The trial court made a determination of credibility to reject these portions and accept other testimony which might support a finding of contributory negligence. The issue of credibility is not before the court on a motion for summary judgment.
From a reading of the record, we are not convinced that the pleadings, depositions and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law as required by LSA-C.C.P. Art. 966.
It was established that there was another eyewitness to plaintiff's alleged accident. Plaintiff has not yet testified on direct examination. Only a trial on the merits can bring to light the true facts surrounding this alleged accident.
Summary judgment is not a substitute for trial and may not be resorted to when there is a genuine issue of material fact which must be resolved. In passing upon a motion for summary judgment, the function of the court is not to determine the merits of the issues raised, but rather only to determine whether or not there is a genuine issue of material fact. To obtain a summary judgment it is not sufficient to prove that it is unlikely that plaintiff may recover, nor that the showing then made preponderantly indicates there is no liability. The burden of showing that there is not a material factual issue is upon the mover for summary judgment. All doubts are to be resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve disputed facts. Odom v. Hooper, La., 273 So.2d 510 at 515 (1973); Frazier v. Missouri Pacific Railroad Company, 224 So.2d 179 (La.App. 3 Cir. 1969); Roy & Roy v. Riddle, 187 So.2d 492 (La.App. 3 Cir. 1966).
We do not believe that plaintiff's contributory negligence is so apparent that we can deny her her day in court. See Frazier v. Missouri Pacific Railroad Company, 224 So.2d 179 at 182 (La.App. 3 Cir. 1969).
The summary judgment granted by the trial court is reversed and set aside; the case is remanded for trial on the merits. Costs of this appeal are assessed to defendants appellees.
Reversed and remanded.