285 So.2d 805 (1973)
Julius F. FERINA, Plaintiff-Appellee,
v.
Edward HOWARD, Defendant-Appellant.
No. 4344.
Court of Appeal of Louisiana, Third Circuit.
August 21, 1973.
On Rehearing November 5, 1973.
Rehearing Denied December 3, 1973.
*806 Marion O. White, White & Pitre, Opelousas, for defendant-appellant.
Garland & DeJean by Harry B. Garland, Opelousas, for plaintiff-appellee.
Before FRUGE, CULPEPPER and MILLER, JJ.

ON MOTION TO DISMISS APPEAL
MILLER, Judge.
Plaintiff appellee Julius F. Ferina seeks to dismiss the suspensive appeal of defendant appellant Edward Howard, on the grounds that there can be no suspensive appeal taken in forma pauperis. LSA-C. C.P. Art. 5185. Ferina also complains that Howard has not timely paid the cost of preparing the record on appeal and the filing fee required by the appellate court as set out in LSA-C.C.P. Art. 2126 and LSA-R.S. 13:4445.
Insofar as the appeal purports to suspend the judgment, it is set aside. Code of Civil Procedure, Article 5185, specifically denotes that there can be no suspensive appeal in forma pauperis.
However, since the order granting Howard's appeal in forma pauperis was signed within the delay allowed for a devolutive appeal, the appeal will be maintained as a devolutive appeal. Bass v. Service Pipe Trucking Co., Inc., 267 So.2d 63 (La.App. 3rd Cir., 1972). This is true notwithstanding the fact that the motion and order for the suspensive appeal failed to mention a devolutive appeal. Jackson v. Hannie, 225 So.2d 385 (La.App. 3rd Cir., 1969). If for lack of some requirement an appeal cannot stand as suspensive, it will nevertheless be treated as a devolutive appeal, if it meets the requirements of a devolutive appeal. Lakeside Rambler Sales, Inc., v. Durad Corporation, 228 So.2d 745 (La.App. 4th Cir., 1969) and cases cited therein.
With regard to mover's contention that Howard has failed to pay certain other cost required to perfect his appeal, LSA-C.C.P. Art. 5185 relieves a pauper of the necessity of paying in advance the cost of preparing the record for appeal, and LSA-C.C.P. Art. 5185 relieves him of paying the cost of lodging the record on appeal.
For the reasons assigned the suspensive appeal in the instant case is dismissed, but the appeal is maintained as a devolutive appeal.
Suspensive appeal dismissed; appeal maintained as a devolutive appeal.

ON REHEARING
We granted plaintiff Julius F. Ferina's application for rehearing to reconsider our decision maintaining defendant Edward Howard's forma pauperis appeal as a devolutive appeal. Ferina contends that his motion to dismiss the appeal should be sustained. In the application for rehearing Ferina contended, for the first time, that the trial court did not sign an order declaring Howard to be a pauper and authorizing him to proceed in forma pauperis. We reject Ferina's contention and maintain the appeal as a devolutive appeal.
In the trial court defendant Howard timely filed for a new trial after Ferina's motion for summary judgment was granted. Immediately following the trial court's denial of Howard's motion for a new trial, Howard filed a motion styled "MOTION FOR SUSPENSIVE APPEAL IN FORMA PAUPERIS". In this motion Howard alleged he was a pauper within the meaning of LSA-C.C.P. Art. 5181 and attached his own affidavit together with an affidavit by two others that he was unable to pay costs or to give bond for costs. Howard concluded his petition with a prayer ". . . that he be permitted to appeal this matter in forma pauperis, without paying the cost of court which has accrued *807 thus far or which may accrue hereafter, or posting an appeal bond." Attached to the petition and affidavits was the following order:

ORDER FOR SUSPENSIVE APPEAL
The foregoing Motion and Affidavits considered, IT IS ORDERED that a suspensive appeal be granted to EDWARD HOWARD, returnable to the Third Circuit Court of Appeal on the 2nd day of July, 1973. Opelousas, Louisiana, this 4 day of May, 1973.
 (signed) H. Garland Pavy
 Judge.
Ferina then moved in the trial court to traverse the forma pauperis order. The trial judge refused to hear the matter on finding that he no longer had jurisdiction.
Although the trial court's May 4, 1973 order contains no declaration of Howard's right to proceed in forma pauperis, we find that the trial court specifically authorized Howard to proceed in forma pauperis. The May 4th order refers to the foregoing motion and affidavits and allows the appeal. The foregoing motion and affidavits primarily dealt with Howard's status as a pauper within the meaning of LSA-C.C.P. Art. 5181, and the prayer sought permission to proceed as a pauper. The order granted the appeal and, in effect, allowed it in forma pauperis.
Our decision denying Ferina's motion to dismiss the appeal is reinstated and made our final judgment.

ON THE MERITS
Defendant Edward Howard appeals from a summary judgment granted to plaintiff Julius F. Ferina. Ferina had filed a petitory action seeking to be recognized as owner of ten acres which was being possessed by Howard. We reverse the summary judgment on finding a genuine issue of material fact and remand the case for trial on the merits.
Ferina attached five affidavits to his motion for summary judgment together with numerous documents representing Ferina's chain of title and those recorded documents which reflect Howard's title to land adjoining the disputed tract. It appears that Howard holds record title to three or four acres in Section 20, Township 4 South, Range 7 East, St. Landry Parish, and that Ferina holds record title to the East half of Section 21-4-7. The disputed 10 acre tract appears to be located in Section 21-4-7.
Several of Ferina's affiants deposed that they had frequently visited the property for more than thirty years; that there was no visible boundary along the western portion of the disputed tract until March of 1969; that about that time Howard brought a surveyor to the area and pointed out the southeast corner of Ferina's tract and instructed the surveyor to "shoot" a line to the north which would be Howard's west line; and that shortly thereafter Howard constructed fences claiming the disputed ten acre tract. One of Ferina's affiants is the surveyor who "shot" the line and he deposed that he did not establish the point of beginning. He further deposed that he agreed that the line he shot was not the west line of Howard's tract and that there were no visible boundaries along the line which he surveyed for Howard.
In neither Howard's answer to the petition nor his opposition to the motion for summary judgment does Howard allege his acquisition of title to the disputed tract. He relies solely upon ownership through operation of thirty-year acquisitive prescription. Howard filed his affidavit and that of two other individuals. The material fact disclosed in these affidavits is that Howard and his ancestors in title have possessed the land in question for more than thirty years and have held themselves out as owners of the disputed tract during that time.
The trial judge relied upon LSA-C.C. Art. 852 and related jurisprudence in ruling that for Howard to acquire title by thirty-year acquisitive prescription, he must establish possession to a visible boundary *808 for a thirty year period. Since Howard's affidavits made no mention of the existence of visible boundaries, it was held that Howard could not have acquired title by thirty-year acquisitive prescription. This position, the trial court continued, is fortified by the fact that Ferina's affidavits contain denials of the existence of such boundaries until the erection of the fence in 1969. Since there were no physical boundaries, the court concluded, Howard could not have acquired title through thirty-year acquisitive prescription. We find that the trial judge erred as a matter of law.
Summary judgment may be rendered only where the pleadings and affidavits on file demonstrate lack of a genuine issue of material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966. Title may be obtained through thirty-year acquisitive prescription. LSA-C.C. Art. 3499 et seq.; LSA-C.C. Art. 852. The question of whether or not Howard has possessed the disputed tract in the required manner, and how long he possessed it are material issues and are disputed by the affidavits.
We note that Ferina's affiants were particular in their denials of the existence prior to 1969 of visible or physical boundaries, and that Howard's affiants made only general statements (setting forth no particulars as to the nature of the possession exercised) alleging that Howard and his ancestors in title had possessed the land for more than thirty years. Nevertheless, we find that the allegations of possession in the affidavits were enough to establish a genuine issue of material fact. Even in cases where the existence of a genuine issue of material fact is not strongly established, doubts are resolved against the granting of summary judgment. McGill v. Griffith, 273 So.2d 366 (La.App. 3 Cir. 1973); Vincent v. Gold, 261 So.2d 75 (La. App. 3 Cir.1972).
Summary judgment is not a substitute for trial on the merits. Litigants are not to be denied their day in court on finding documents and affidavits which make it appear unlikely that one party can prevail. Once the trial judge detects the existence of a disputed material fact, he may not render summary judgment. Frazier v. Missouri Pacific Railroad Company, 224 So.2d 179 (La.App. 3 Cir.1969); Banes v. Prinz, 185 So.2d 50 (La.App. 4 Cir.1966).
The trial court judgment declaring Ferina the lawful owner of the disputed property is reversed, and the case is remanded for trial on the merits. Costs of this appeal are to be paid by plaintiff appellee, Julius F. Ferina.
Reversed and remanded.