STOULIG, Judge.
Defendant, Mrs. Lerline [1] A. Barney, has appealed a summary judgment condemning her to pay $3,940 to David M. Greenup, doing business as D. M. Greenup Realty Co. We reverse because the pleadings reflect there are several genuine issues of material fact.
Plaintiff’s petitions allege, inter alia, that defendant, an Illinois resident, owes him $2,980[2] for services rendered and funds advanced to manage and repair real estate Mrs. Barney owns in the City of New Orleans. He also claims an agent’s commission of $950 for arranging the financing and agreement to purchase of de *911 fendant’s property, which sale was never consummated solely because of Mrs. Barney’s refusal to perfect title when it was within her power to do so. Defendant’s answer, a general denial, put every allegation of material fact at issue. In support of his motion for summary judgment, plaintiff executed an affidavit setting forth the same averments as contained in his petitions. Defendant’s countervailing affidavit disputes the plaintiff’s authority to make the repairs claimed or to negotiate the sale.
C.C.P. art. 966 provides summary judgment may be granted if the pleadings, depositions and admissions on file, together with the affidavits, show there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. Clearly in this case these requirements are not met.
It should be noted that the agreement to sell defendant’s property which forms the basis of plaintiff’s claim for $950 earned realtor’s commission is not included in the documents tendered in support of his motion for summary judgment.
 Plaintiff argues in brief that the defendant was unable to demonstrate to the trial judge in pre-trial conference how the defense would be proved. While the pretrial negotiations are not part of the record and therefore may not be considered by us, we point out that it is axiomatic that plaintiff must first establish a prima facie case before the defendant is obliged to rebut.
The function and objective of the summary judgment proceeding is to avoid the delay and expense of a trial on the merits when there exists no genuine issue of material fact — in other words, when there are no questions of fact to be adjudicated and the mover is entitled to judgment as a matter of law. The jurispurden-tial development of the scope and effect of this procedural device is succinctly stated in the case of Roy & Roy v. Riddle, 187 So.2d 492, 494 (La.App. 3d Cir. 1966):
“The courts have noted repeatedly that the summary judgment remedy is not a substitute for a trial and may not be resorted to when there is a genuine issue of material fact which must be resolved. In passing upon a motion for summary judgment, the function of the court is not to determine the merits of the issues raised, but rather only to determine whether or not there is a genuine issue of material fact. To obtain a summary judgment it is not sufficient to prove that it is unlikely that the plaintiff may recover, nor that the showing then made preponderantly indicates there is no liability. The burden of showing that there is not a material factual issue is upon the mover for summary judgment. All doubts are to be resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve disputed facts.” [3]
For the reasons assigned the judgment appealed from is annulled and this matter is remanded for further proceedings consistent with the views herein expressed. Assessment of cost is to await the conclusion of this matter.

Judgment annulled; remanded.

. Also referred to as Lurline.

. We note the petition incorrectly seeks a judgment in the sum of $3,940, whereas the specific items claimed total $3,930.

. See also Odom v. Hooper, 273 So.2d 510 (La.1973) ; Lachney v. Employers Casualty Company, 281 So.2d 761 (La.App. 3d Cir. 1973) ; Metoyer v. Aetna Insurance Company, 278 So.2d 847 (La.App. 3d Cir. 1973) ; Jones v. Davis, 233 So.2d 310 (La.App. 2d Cir. 1970) ; Frazier v. Missouri Pacific Railroad Company, 224 So.2d 179 (La.App. 3d Cir. 1969) ; Brown v. B. & G. Crane Service, Inc., 172 So.2d 708 (La.App. 4th Cir. 1965) ; and Chramt v. Touro Infirmary, 169 So.2d 574 (La.App. 4th Cir. 1964).