327 So.2d 430 (1976)
Russell Mark LeBOEUF
v.
TIMES PICAYUNE PUBLISHING CORPORATION and the Parish of Jefferson, through its Sheriff Alwynn J. Cronvich, et al.
No. 7259.
Court of Appeal of Louisiana, Fourth Circuit.
February 10, 1976.
Daniel E. Becnel, Jr., Reserve, for plaintiff-appellant.
*431 Phelps, Dunbar, Marks, Claverie & Sims, New Orleans (Rutledge C. Clement, Jr., and John G. Weinmann), New Orleans, for defendant-appellee, The Times-Picayune Pub. Corp.
Cronvich & Wambsgans, Metairie (A. W. Wambsgans) Metairie and Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge (Emile C. Rolfs, III), Baton Rouge, for defendant-appellee, Sheriff Alwynn J. Cronvich.
Before GULOTTA, SCHOTT and BEER, JJ.
SCHOTT, Judge.
Plaintiff has appealed from a summary judgment in favor of defendant, Times Picayune Publishing Corporation, denying a claim for damages for alleged defamation or libel, and a summary judgment in favor of the Jefferson Parish Sheriff denying a claim that the release of incorrect information by the Sheriff constituted actionable negligence.
On May 9, 1974, the Times Picayune newspaper published an article reporting that on May 8, 1974, in Kenner, Louisiana, one Russell Mark LeBoeuf was arrested and charged with attempted murder, armed robbery, simple escape and resisting arrest.
The source of the newspaper report was the Kenner Police Department Public Information Officer whose information emanated from his department's "Incident Report." The information later proved to be false. The individual who was actually arrested had presented identification to the police which had evidently been stolen from plaintiff's residence sometime prior to the May 8 arrest. The Times Picayune became aware of the error on June 6, 1974, and published a clarification on June 11, 1974.
For a publication to be actionable as libel it must be shown that the publisher had knowledge of the falsity or demonstrated reckless disregard of the truth. At a minimum a publisher must have some knowledge which would place him on his guard, making him aware that further research was necessary to insure the veracity of his report. Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789, 1974.
Applying these principles to the instant case there is no factual basis for the newspaper's liability. The uncontroverted affidavits show that this report was given to the paper pursuant to an established policy. There was no indication of irregularity in the police procedures, such reports in the past had been accurate and this particular one was routine. The reporter had never known plaintiff previously and treated this as an ordinary news item. There is nothing to suggest that the reporter or the paper was placed on guard or to suggest a finding of "fault" in the publication of the May 9, 1974, article.
Furthermore, the facts of the instant case cannot be distinguished from those in Wilson v. Capital City Press, 315 So.2d 393 (La.App. 3rd Cir. 1975), writ refused, 320 So.2d 203 (La.1975). There defendant published an article reporting plaintiff's arrest based on reports provided by the state police public relations director and it later became known that plaintiff was not among those arrested, so that the original information proved to be erroneous. The court held that defendant publisher could reasonably rely on the information furnished to it where it "had [no] reason to doubt the correctness and authenticity of the information received. The source was reliable and in a proper position of authority and knowledge such that no fault can be attributed to . . . [defendant] for reliance on the information received."
We have concluded that the motion for summary judgment in favor of the Times Picayune was properly granted.
Likewise, plaintiff's claim against the Sheriff was properly dismissed. The *432 Sheriff's only participation was for his deputy to book and incarcerate the subject after his arrest by Kenner policemen. The subject said he was Russell LeBoeuf and his identification papers confirmed this.
The deputy could reasonably rely on the information he obtained. The error about which plaintiff complains was the result of unusual circumstances, against which the deputy sheriff could not, in the absence of suspicious circumstances, be expected to be on guard.
All of the foregoing facts upon which the summary judgments were based were contained in affidavits filed by defendants. Plaintiff filed no opposing affidavits despite ample opportunity afforded him to do so. Since no genuine issues of material fact were raised the summary judgments were properly granted. LSA-C.C.P. Art. 966.
Accordingly, the judgments appealed from are affirmed at plaintiff's cost.
Affirmed.