BLANCHE, Judge.
Plaintiff-appellant, John H. Morgan, individually and as the administrator of the estate of his minor son, Dan Morgan, appeals the granting of a summary judgment in favor of defendant-appellee, Cumis Insurance Society, Inc. We affirm.
On November 3, 1973, Dan Morgan was injured while rjding as a guest passenger in a Volkswagen automobile owned by I. 0. Mestayer and driven by Robert G. (Glen) Gutierrez.
Plaintiff sued Cumis, insurer of the Mestayer vehicle, contending that Gutierrez was an omnibus insured under their policy.
Cumis moved for and was granted a summary judgment on the grounds that Gutierrez was driving the car without the permission of the named insured, I. O. Mestayer, and consequently that Gutierrez was not an insured under the policy.
Plaintiff has appealed, contending that the granting of the summary judgment was erroneous since, contrary to the findings of the trial judge, there were genuine issues of material fact concerning whether or not Gutierrez had the permission of the named insured. Under LSA-C.C.P. Art. 966, a movant is not entitled to summary judgment where the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is a genuine issue as to material fact.
The insurance policy provides under the heading “Persons Insured”:
“* * * Under the Liability and Medical Expense Coverages, the following are insureds:
“(a) with respect to an owned automobile,
“(1) the named insured,
“(2) any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, and
“(3) any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a) (1) or (2) above * * *”
*570 The “named insured” in the policy is I. O. Mestayer.
In support of its motion, Cumis introduced the affidavits of I. O. Mestayer and his son, Christopher, who was the principal operator of the vehicle.
The affidavits show that I. O. Mestayer expressly instructed his son never to allow anyone else to drive the subject automobile. Young Mestayer’s affidavit indicated that he was aware that he could not let anyone else drive the automobile, but he admitted that he did lend it to Gutierrez.
In opposition to the motion, plaintiff filed the affidavit of Gutierrez and the depositions of I. O. and Christopher Mes-tayer.
The crux of Gutierrez’ affidavit is that his sole purpose in driving the automobile was to accommodate young Mestayer and Morgan. On the night of the accident the young people were attending a bonfire party on the Mississippi River levee south of Baton Rouge, Louisiana. Gutierrez avers that Mestayer, who was one of the persons in charge of the party, offered to purchase beer for Morgan. However, Mestayer refused to lend Morgan the Volkswagen to go for the beer since there was some question about whether he had a driver’s license. Since Gutierrez had a license, Mestayer allowed him to drive Morgan to a nearby convenience store to make the purchase. It was on this trip that young Morgan was injured.
The depositions of both Mestayers reveal nothing in conflict with the foregoing, and it is clear that Christopher Mestayer did not have the permission of the named insured to lend the automobile to Gutierrez. It is also clear as a matter of law that young Mestayer, as first permittee with express instructions not to lend the vehicle, could not elevate Gutierrez, as second per-mittee, to the status of an insured within the omnibus clause protection of Cumis’ policy, Smith v. Insurance Company of the State of Pennsylvania, 161 So.2d 903 (La.App. 1st Cir. 1964).
However, plaintiff contends that young Mestayer was, for all practical purposes, the named insured under the policy since he had complete dominion and control over the vehicle. Accordingly, he argues that the young Mestayer, being in the position of the named insured, had authority to grant permission to Gutierrez to drive the vehicle, notwithstanding the fact that he was forbidden to do so by his father. In support of the foregoing argument, plaintiff relies upon American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969).
In Czarniecki, a stepfather, as named insured, granted his stepson permission and authority for use of an insured automobile that was so broad and so free of restrictions that the Court found that the stepson had been delegated whatever authority the named insured had to grant permission to another to drive the car. Additionally, it was uncontested that the stepson paid for the automobile and the cost of its maintenance and operation was entirely borne by him from his earnings. The Court found that the stepson, for all practical purposes, was the named insured under the policy.
In contrast to Czarniecki, the facts of the instant case clearly do not support a finding that young Mestayer had full control and responsibility for this insured vehicle. The depositions of I. O. and Christopher Mestayer conclusively show that young Mestayer was answerable to his parents at all times for his use of the vehicle; the vehicle was paid for by his father; all gasoline and maintenance therefor was paid for by his father; and the primary purpose for the ownership of the vehicle was to remove from Mrs. I. O. Mestayer’s shoulders the burden of transporting young Christopher and his sister to and from school. The facts of the instant case show that the insured vehicle was in reality for the convenience of the named insured and *571 not for the convenience of young Christopher. In view of this evidence, young Mestayer was not, as a matter of law, a named insured under the rationale of the Czarniecki case.
The plaintiff also argues that the second permittee, Gutierrez, did not borrow the car but rather drove the car on a mission for young Mestayer, a first per-mittee, and, therefore, he was covered under the policy’s omnibus clause. However, where the first permittee is without authority to allow a second permittee to drive an insured automobile, the actions of the second permittee, as a matter of law, must be for the benefit or advantage of the named insured before the second permittee is covered by the omnibus insured clause, Devall v. State Farm Mutual Insurance Company, 249 So.2d 282 (La.App. 1st Cir. 1971).
The record reflects that the named insured herein, I. O. Mestayer, received no benefit or advantage from the actions of Gutierrez. Instead, it was the first permit-tee, Christopher Mestayer, and his friend, Dan Morgan, who were to benefit by Gutierrez’ driving the insured vehicle.
We are aware that a motion for summary judgment should never be used in lieu of a trial on the merits, but in the instant case, contrary to plaintiff’s contentions, a trial on the merits would only result in a reexamination of facts already before the Court.
All of the evidence bearing upon Gutierrez’ coverage under the omnibus clause of the instant'policy has been presented. The record contains the affidavit of the second permittee-driver, Gutierrez, plus the affidavits and depositions of both the named insured and the first permittee.
Based upon this evidence, we agree with the trial judge that there are no genuine issues of material fact. Young Mestayer acknowledged that he was expressly forbidden by the named insured to lend the vehicle to anyone. He also did not have such control over the vehicle so as to become, for all practical purposes, the named insured. The facts also do not support a finding that Gutierrez was on a mission for the benefit or advantage of the named insured.
Since a trial on the merits would not add to what is already before the court, these litigants should be relieved of the further delay and expense occasioned by such a trial, Greenup v. Barney, 315 So.2d 910 (La.App. 4th Cir. 1975).
Whereas, there are no material issues of fact or law herein to warrant the denial of summary judgment in favor of mover, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.