342 So.2d 167 (1977)
John H. MORGAN, Ind.
v.
MATLACK, INC., et al.
No. 58248.
Supreme Court of Louisiana.
January 24, 1977.
Whit M. Cook, II, Chapman L. Sanford, Baton Rouge, for plaintiff-applicant.
Frank M. Coates, Jr., Taylor, Porter, Brooks & Phillips, Baton Rouge, for defendant-respondent.
MARCUS, Justice.
On November 3, 1973, Dan Morgan was injured while riding as a guest passenger in a 1964 Volkswagen owned by I. O. Mestayer and operated at the time of the accident by Robert G. Gutierrez. John H. Morgan, individually and as administrator of the estate *168 of his minor son, Dan Morgan, instituted suit against Cumis Insurance Society, Inc.,[1] the insurer of the Mestayer vehicle, contending that Robert G. Gutierrez was an omnibus insured under the Mestayer policy. Cumis moved for and the trial court granted summary judgment in favor of Cumis on the ground that Gutierrez was not an omnibus insured under the Mestayer policy inasmuch as he was driving the car without the permission of the named insured, I. O. Mestayer.
From this judgment dismissing Cumis as a defendant in the lawsuit, plaintiff appealed. The appeal court affirmed the summary judgment granted below finding no dispute as to a genuine issue of material fact. 331 So.2d 568 (La.App.1st Cir. 1976). We granted certiorari to review the correctness of this judgment. 337 So.2d 518 (La.1976).
The sole issue presented for our review is whether, based on the pleadings, affidavits, depositions, and other evidence filed by both parties pursuant to the defendant's motion for summary judgment, a genuine issue of material fact was presented as to whether Robert G. Gutierrez was driving the Mestayer Volkswagen at the time of the accident with the permission of the named insured, I. O. Mestayer.
In support of its motion for summary judgment, Cumis offered the affidavits of I. O. Mestayer and Christopher Mestayer, both indicating that the vehicle occupied by Dan Morgan and driven by Gutierrez, a 1964 Volkswagen, was made available for the use of Christopher Mestayer by his father with instructions that no one else be allowed to operate the vehicle. In opposition to Cumis' motion, plaintiff filed the affidavit of Robert Gutierrez suggesting that he offered to drive the car on the occasion of the accident as an accommodation to Christopher Mestayer and Dan Morgan. Plaintiff also filed in opposition to defendant's motion the depositions of I.O. Mestayer and Christopher Mestayer which in some respects conflicted with their affidavits and disclosed more fully the following facts relating to this litigation.
During the summer of 1973, I. O. Mestayer purchased for a nominal sum a 1964 Volkswagen. After the car was extensively overhauled by his son, Christopher, and several school friends, Mr. Mestayer furnished the car for Christopher's use going to and from school, for errands, and in the neighborhood. Christopher was given his own key to the Volkswagen and the use of the family gasoline credit card. Christopher stated in deposition that he was the principal operator of the vehicle and that it was regarded as his own by all of his friends. Although Mr. Mestayer held title to the car, he had driven it on only a few occasions. While he had not specifically singled out the Volkswagen, Mr. Mestayer claimed that he had periodically instructed all of his children not to lend the family cars to anyone "unless, of course, it was an emergency or the circumstances warranted that they had to." (Emphasis added).
On the night in question, sixteen-year-old Christopher drove the Volkswagen to a post-football game levee bonfire party. Shortly after he arrived, Christopher was approached by Dan Morgan who asked if he could borrow the Volkswagen to go to a local convenience store for beer since no refreshments were provided at the party. Considering Morgan to be already "high," Christopher refused to lend him the car. He agreed, however, to let Morgan's companion, Robert Gutierrez, use the vehicle for this purpose, expecting that he would probably be given some of the beer. Young Christopher was one of a group of boys in charge of the party and responsible for collecting money to defray expenses connected with the bonfire. This, he admitted, was "more or less why I did not go and drive the car myself." En route to the Pak-a-Sak, the Volkswagen driven by Robert *169 Gutierrez was involved in a collision with a tractor trailer. Dan Morgan, who had accompanied him in the vehicle, sustained personal injuries and medical expenses.
The policy written by Cumis Insurance Society on the Mestayer Volkswagen included an omnibus clause extending liability insurance coverage to
any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission. . . . (Emphasis added.)
The named insured in the Mestayer policy is I.O. Mestayer.
In previous cases before this court, we have been faced with the issue of whether the grant of an unrestricted permission by the named insured to a first permittee or other insured to use a vehicle carried with it an implied permission for that person to subsequently allow the vehicle's use by a third party. Hughes v. Southeastern Fidelity Insurance Co., 340 So.2d 293 (La.1976); American Home Assurance Co. v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969); Rogillio v. Cazedessus, 241 La. 186, 127 So.2d 734 (1961). In the instant case, Mr. Mestayer admitted that, while he had generally admonished his children against lending the family cars, he had given them an express permission to allow third persons to use the vehicles "in emergencies and when circumstances warranted that they had to." (Emphasis added). We are of the opinion that when a named insured grants an express permission to a first permittee or other insured to lend a vehicle under certain non-specific circumstances and invests that permittee or insured with discretion to determine when those circumstances exist, he cannot thereafter complain when the discretion is exercised and a second permittee is allowed to use the vehicle. Whether or not the nature of the permission granted in the instant case constituted a delegation of discretion to lend the car which, when exercised, amounted to permission from the named insured presents a genuine issue of material fact.
The law is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; Stallings v. W.H. Kennedy & Son, Inc., 332 So.2d 787 (La.1976). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976). The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve disputed facts. Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963).
After reviewing the documents in evidence offered by both parties and resolving all doubts against the mover as required by law, we are convinced that there is a genuine issue of material fact between plaintiff and Cumis and, hence, are of the opinion that the latter is not presently entitled to a judgment as a matter of law. Accordingly, the judgment of the court of appeal upholding the summary judgment granted in favor of Cumis Insurance Society, Inc. was improper.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed and set aside, the motion for a summary judgment is overruled, and the case is remanded to the district court for further proceedings according to law and consistent with the views herein expressed. All costs incurred in connection with the motion for a summary judgment shall be paid by Cumis Insurance Society, Inc. Assessment of other *170 costs is to await the final determination of the litigation.
NOTES
[1] In the same suit, plaintiff also sought recovery from State Farm Mutual Insurance Company, Inc. (liability insurer for Robert G. Gutierrez), Matlack, Inc. (employer of Douglas M. McEvers, who was driving the other vehicle involved in the collision while allegedly engaged in the course and scope of his employment), Louisiana Department of Highways, and the Parish of East Baton Rouge. These parties are not involved in this appeal.