407 So.2d 85 (1981)
Ronald G. MELON
v.
CAPITAL CITY PRESS d/b/a The State Times and Morning Advocate.
No. 14251.
Court of Appeal of Louisiana, First Circuit.
November 23, 1981.
Writ Denied January 18, 1982.
Mac Trelles, Jr., Baton Rouge, for plaintiff-appellant Ronald G. Melon.
W. Luther Wilson, Baton Rouge, for defendant-appellee Capital City Press d/b/a The State Times and Morning Advocate.
Before CHIASSON, EDWARDS and LEAR, JJ.
LEAR, Judge.
Ronald G. Melon has appealed the granting of defendant's motion for summary judgment dismissing his suit against Capital City Press d/b/a The State Times and Morning Advocate (Capital City) for damages arising from the publication in defendant's newspapers of certain articles. The newspaper articles of which plaintiff complains appeared in defendant's Morning Advocate "Police Roundup" column and in its State Times "Police Action" column on June 20, 1979, the former stating that plaintiff had been arrested for contributing to the delinquency of a juvenile, possession of methamphetamines with intent to distribute *86 and possession of marijuana, and the latter article stated that plaintiff had been booked with these crimes. Defendant concedes that plaintiff was arrested and booked for only two of these charges and was in fact not arrested, booked or charged with possession of methamphetamines with intent to distribute.
The record indicates that the only source of the Morning Advocate "Police Roundup" article was a news release issued by the East Baton Rouge Parish Sheriff's Office on June 19, 1979, and that the article which appeared in the State Times "Police Action" column had as its source the previously published Morning Advocate article.
Plaintiff's suit alleges defendant's fault and negligence in the publishing of these articles. In its motion for summary judgment, defendant alleges that its newspaper articles were fair and accurate reports drawn from the official news release of the East Baton Rouge Parish Sheriff's Department, and the newspaper reports therefore enjoy at least a qualified privilege.
Initially we find that plaintiff was not a public official or public figure. Slocum v. Webb, 375 So.2d 125 (La.App. 3rd Cir., 1979); Gertz v. Robert Welsh, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974); Phillips v. The Evening Star Newspaper Company, 424 A.2d 78 (App.D.C. 1970); U.S. cert. denied, 451 U.S. 989, 101 S.Ct. 2327, 68 L.Ed.2d 848 (1981). In such cases a newspaper is liable for the false report only if some fault on their part can be shown. Slocum v. Webb, supra; Wilson v. Capital City Press, 315 So.2d 393 (La. App. 3rd Cir., 1975), writ refused La., 320 So.2d 203. Our jurisprudence further indicates that the news media can reasonably rely on information obtained from law enforcement agencies, where there is no reason to doubt the correctness and authenticity of the information received. Slocum v. Webb, supra; Wilson v. Capital City Press, supra; LeBoeuf v. Times Picayune Publishing Corporation, 327 So.2d 430 (La.App. 4th Cir., 1976).
The news release issued by the sheriff's office reads, in pertinent part, as follows:
"NEWS RELEASE
"Sheriff's deputies arrested a total of thirteen (13) persons yesterday on various drug charges as a result of executing search warrants for four (4) Baton Rouge residences.
"Four (4) persons were arrested after a search of the residence at 2768 Sorrel. They are:
"Dwayne J. Broussard, age 22, Ronald E. Melon, age 22, Arnold J. Melon, age 21, and Keith J. Broussard, age 21, all of the above address. Charges ranged from contributing to the delinquency of a juvenile to possession with intention to distribute Methamphetamines, and simple possession of other drugs, including marijuana. Bonds were set at $10,000 each."
Defendant's Morning Advocate reporter interpreted this news release to mean that each of the four named persons had been arrested for each and every one of the charges listed. While the trial court found that the articles were a "reasonable interpretation of the news release", and on this basis granted defendant's motion, it did not state, and we do not find that this is the only reasonable interpretation of the news release. We believe that another equally reasonable interpretation is that the persons named had been arrested for some, that is one or more, of the listed crimes, but not necessarily that each had been arrested for all of those crimes listed. We note that, in his argument on summary judgment, defendant admits that reasonable minds could differ as to what the sheriff's news release means.
In Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976), the Supreme Court, in considering defendant's motion for summary judgment, stated that:
"When the evidence submitted on the motion leaves no relevant, or genuine issue of fact, and when reasonable minds must inevitably conclude that the mover is entitled to judgment on the facts before the court, the motion for summary judgment should be granted ...."
*87 In Morgan v. Matlack, Inc., 342 So.2d 167 (La.1977), the Supreme Court reaffirmed its holding in Cates, supra, stating that, "Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted." From these holdings we conclude that, although the parties may not differ as to the facts presented to the court, if reasonable minds may differ on the conclusion drawn from those facts [in this case the reasonableness of the reporter's conduct in reading the news release, reaching his conclusions and failing to further investigate its correctness] then a factual issue exists and summary judgment must be denied. Thus, we find defendant's reliance on the holdings of the Slocum, Wilson and LeBoeuf cases to be misplaced, because we cannot conclude as a matter of law that defendant's reporter reasonably relied on the sheriff's news release, or that he had "no reason to doubt the correctness and authenticity of the information received." Whether the news release itself is ambiguous, and this or other circumstances gave or should reasonably have given him "reason to doubt", and thus put him on notice that further investigation was necessary, and the reasonableness and prudence of the reporter's conduct, are factual matters to be determined at a trial on the merits, rather than at a motion for summary judgment. Morris v. Louisiana Coca-Cola Bottling Company, Ltd., 354 So.2d 659 (La.App. 1st Cir., 1977).
With regard to the State Times "Police Action" article, the reporter who wrote this article testified in a deposition that an article published in the Morning Advocate that morning was the source of the information she used in writing her "Police Action" article. While she stated that she "probably" would have checked with the sheriff's office and "probably" would have been told that the Morning Advocate reporter had been given a press release, she did not say that she had read or even seen the sheriff's news release.
We find this connection too tenuous, and not within the jurisprudential rule of Slocum, Wilson, and LeBoeuf, supra. We are unwilling to extend this protection, which allows the news media to reasonably rely upon a sheriff's office press release, to the extent of allowing one reporter, who has not read the press release, to base a news article on a previously published article, even where the prior article may have itself been based on the sheriff's news release. Thus, even if we had found that no factual issue exists as to whether this particular press release could reasonably be relied upon, because we cannot conclude as a matter of law that defendant's State Times reporter did in fact rely upon the press release in writing her article, a trial on the merits is necessary to determine whether defendant was negligent in publishing this false report.
For the foregoing reasons, the judgment below is reversed and this cause is hereby remanded to the trial court for further proceedings in conformity herewith. Costs of this appeal are to be paid by defendant-appellee, Capital City Press.
REVERSED AND REMANDED.