LOTTINGER, Judge,
dissenting.
I respectfully dissent.
The majority does not dispute that “the test to determine whether the grabbing of the [steering] wheel was within the scope of the permission is one of foreseeability.”
In Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367, 370 (La.1976), the Supreme Court held that “when the evidence submitted on the motion [for summary judgment] leaves no relevant, genuine issue of fact, and when reasonable minds must inevitably conclude that the mover is entitled to judgment on the facts before the court, the motion for summary judgment should be granted (C.C.P. 966), . . . . ” And in Morgan v. Matlack, Inc., 342 So.2d 167, 169 (La.1977), the Supreme Court amplified *362 its statement in Cates by holding that “whether or not the nature of the permission granted in the instant case constituted a delegation of discretion to lend the car which, when exercised, amounted to permission from the named insured presents a genuine issue of material fact.” From this I conclude that though the parties may not differ as to the facts presented to the court, if they differ on the conclusion drawn from those facts, i.e. reasonable foreseeability, or if the law is not so clear that reasonable minds could not inevitably conclude the mover is entitled to judgment as a matter of law, then the motion for summary judgment must be denied.
The majority falls into error when it apparently concludes that only one legal conclusion can result from the facts stipulated.