VICTORY, Judge.
Appellant, the Caddo Citizen, appeals an adverse judgment of the district court casting it for damages incurred by the plaintiff as a result of its publishing a false news story stating that plaintiff had been arrested in connection with a burglary. For the reasons expressed herein, we reverse.
FACTS
On April 7, 1988, the Caddo Citizen, the local newspaper in Vivian, Louisiana, published an article in its weekly paper stating that petitioner, Belvin C. Lovett,[1] had been arrested in connection with a theft in the Vivian area. No such arrest occurred.[2] The error was promptly discovered and the newspaper printed a retraction in its next weekly publication. On August 16, 1988, Belvin C. Lovett filed suit against the Cad-do Citizen for damages as a result of the publication of the false information.
In its pleadings and at trial, the Caddo Citizen defended the suit on the grounds *1198 that the false information was given to Linda Murray, its publisher and editor, by the Vivian Chief of Police. At trial, Ms. Murray testified that she spoke weekly to the police chief on the telephone concerning police matters. During one of their conversations, he advised her that the plaintiff had been arrested. She produced her notes taken contemporaneously with the conversation. The chief acknowledged that he frequently spoke to Ms. Murray about cases. He testified that he probably talked to her about this case, but believed he had only read the incident report concerning the case to her over the telephone, and denied giving her any false information.
In a written opinion, the trial court found that the Vivian Police Department was the source of the false information. It nonetheless imposed liability on the Caddo Citizen, holding that as part of its duty to exercise reasonable care that the information it published was true and correct, it was required to verify the verbal information given to Ms. Murray by the chief of police from the Vivian police blotter or with the Caddo Parish Sheriff’s Office, also participating in the investigation and arrest.
DISCUSSION
The Caddo Citizen, as a member of the press, is entitled to the protection provided by the First Amendment to the United States Constitution. Generally, the First Amendment provides that Congress and the various states, through the Fourteenth Amendment, are prohibited from making laws abridging the freedom of the press. In Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974), the United States Supreme Court held that the various states may define for themselves the appropriate standard of liability for a publisher or broadcaster of defamatory falsehoods injurious to a private individual as long as they do not impose liability without fault.
The trial judge found the Caddo Citizen at fault, holding that the newspaper had a duty to exercise reasonable care that the information published was true and correct, and considering the oral nature of the communication, “negligently disregarded the truth or falsity of the information that was communicated.”
We disagree. Since Gertz, supra, the courts of the State of Louisiana have addressed the issues presented in this case several times, and have uniformly held that when the media is furnished arrest information from an authorized police source, it is under no obligation to verify from other sources the information so furnished unless it has knowledge which would make it aware further research was necessary to insure the veracity of the information. Bates v. Times Picayune Publishing Corporation, 527 So.2d 407 (La.App. 4th Cir.1988), writ denied, 532 So.2d 136; LeBoeuf v. Times Picayune Publishing Corporation, 327 So.2d 430 (La.App. 4th Cir.1976); Wilson v. Capital City Press, 315 So.2d 393 (La.App.3d Cir.1975). See also Francois v. Capital City Press, 166 So.2d 84 (La.App.3d Cir.1964).
In Wilson v. Capital City Press, supra, a newspaper had no liability for publishing plaintiffs name as one of many persons arrested in a major drug raid because the reporter had obtained the information from the state police who had participated in the multi-parish raid. The court held the reporter obtained the information from an authorized police source, had no reason to suspect it was false, and therefore had no duty to verify the information from the public records kept by the actual arresting authorities in the various parishes.
In LeBoeuf v. Times Picayune Publishing Corporation, supra, the newspaper published a story describing the arrest of plaintiff for several offenses, including attempted murder and armed robbery. The source of the information was the public information officer of the Kenner Police Department. The information appears to have been given verbally to the newspaper. The person arrested had presented plaintiffs identification, apparently stolen from the plaintiffs house earlier. Summary judgment for the newspaper was affirmed due to lack of fault on the part of the newspaper in relying on a reliable police source for the information.
*1199 In Bates v. Times Picayune Publishing Corporation, supra, the plaintiff’s photograph was published with an incorrect caption naming him as another person arrested in connection with a disturbance in a housing project. (Plaintiff himself had been arrested in an attempt to have his son released from police custody.) The photographer testified the identification of plaintiff was obtained by the newspaper “from the New Orleans Police Department.” Apparently the identification was oral. In affirming summary judgment in favor of the newspaper, the court stated there was no fault on the part of the defendant because it relied on a police source and had no reason to doubt the reliability of the information.
In the instant case, the trial judge found that the source of the false information was the Vivian Police Department. The only person that Ms. Murray claimed to have talked to was the police chief, whom she stated gave her the information that appeared in the newspaper. Since the chief of police was undoubtedly an authorized source of information concerning the joint action between the Vivian Police Department and the Caddo Parish Sheriffs Office, and there is no evidence to suggest that Ms. Murray had reason to believe that the information communicated to her by the chief was not true, the defendant had no duty to verify the information.
DECREE
For these reasons, the judgment of the trial court is reversed, and the plaintiffs case is dismissed. All costs in the trial court and in this court are assessed to plaintiff.
REVERSED.

. For the purposes of this opinion, we assume that Belvin C. Lovett is not a public figure or a limited public figure.

. Belvin Lovett’s son and others were arrested for theft and other charges.