MILLER, Judge.
Plaintiff Robert McGill appeals the trial court judgment sustaining defendant Louis P. Harrell, Jr.’s motion for summary judgment. We find that the pleadings and affidavits establish a genuine issue as to material fact, and reverse.
Defendant Harrell holds a 1971 crop pledge recorded June 22, 1971 in the Mortgage Records of Avoyelles Parish. The crop pledge granted by defendant Dalton Leroy Griffith to defendant Harrell acknowledged that Griffith was indebted to Harrell in the sum of $150,000 to enable Griffith “. . . during the current year to make and market all crops growing and to be made on . . .” certain described tracts totalling 2,330.37 acres.
Plaintiff McGill filed suit on June 9, 1972, alleging that he furnished defendant Griffith $174,000 in material and money used by Griffith in making his 1971 crop *367 on 2,330.37 acres planted by Griffith in Avoyelles Parish. Both liens affect the crop grown on the same property. On October 7, 1971, McGill filed a crop privilege and lien seeking to perpetuate the privilege granted to him in LSA-C.C. Art. 3217(1), as permitted under LSA-R.S. 9:4521. The crop privilege and lien which is attached to the petition, recited that the lien existed even though unrecorded and “ . that the aforementioned crop is still attached to the previously described land (2,330.37 acres) and all third-party purchasers should be on notice that they are taking the crop subject to this privilege and are not purchasing an article in commerce.”
Plaintiff McGill alleged that the entire $174,000 was due and owing and that with knowledge of McGill’s lien, defendant Harrell purchased defendant Griffith’s crop and converted it to cash in an attempt to circumvent McGill’s 1971 crop privilege and lien.
Defendant Harrell filed a motion for summary judgment contending that his prior recorded lien primed plaintiff Mc-Gill’s lien and privilege and that he was entitled to judgment as a matter of law. Attached to the motion was a certified copy of his June 22, 1971 recorded crop lien and Harrell’s affidavit stating that his lien was superior and primed McGill’s lien; that accordingly Harrell had the right to buy and sell Griffith’s crop; and that “ . . . the funds received by (Harrell) from the sale of (Griffith’s) crop in the year 1971, did not exceed the advances made by Louis P. Harrell, Jr. to Leroy Griffith for the purpose of growing and harvesting said crop.”
Plaintiff McGill filed two affidavits at the hearing on the motion for summary judgment. McGill stated under oath that his crop privilege and lien “ . . . is the only valid lien existing on the crop grown and harvested by . . . ” Griffith; that Harrell’s June 22, 1971 crop lien is invalid as “ . . . has been evidenced by the hearing to test the surety on the lien bond which already has been held before (the trial court)”; and that the $150,000 claimed by Harrell’s crop lien “ . . . is grossly in excess of any amount that Louis P. Harrell, Jr. could possibly have advanced to Leroy Griffith.”
The trial court noted that plaintiff Mc-Gill did not attack the validity of Harrell’s prior recorded lien in the suit which he filed, and found that McGill “ . cannot by a mere counter affidavit, collaterally attack the validity of Harrell’s crop pledge which appears in proper legal form and is duly recorded.” It was held that the “ . . . crop lien privilege which plaintiff claims under LSA-R.S. 9:4521 and the jurisprudence thereunder, is outranked by Harrell’s crop pledge under LSA-R.S. 9:4341 and the jurisprudence interpreting the latter.”
We find at least one genuine issue as to material fact and pretermit consideration óf others. Harrell’s affidavit states that the funds received (without stating what funds were received) for Griffith’s 1971 crop did not exceed his advances made for the purpose of growing and harvesting said crop. Tr. 11. McGill’s affidavit states that the $150,000 claimed in Harrell’s recorded crop lien and privilege is grossly in excess of any amount that Harrell could have advanced. Tr. 23.
Harrell’s lien complies with the requirements of LSA-R.S. 9:4341, which statute provides in part:
“The pledge shall secure no debt other than for money, goods, and necessary supplies for the current year.”
The meaning of this clause, in context, is that the “debt” which the crop pledge is given to secure must be only for past, present, or future advances for the crop year in question. City Bank and Trust Co. v. Marksville Elevator Co., 221 So.2d 853 at 858 (La.App. 3 Cir. 1969); 14 Tul.L.Rev. 446.
*368 If Harrell did not advance money, goods, and necessary supplies for the crop year 1971 up to the value of the crop which he purchased from Griffith, at least a part of his recorded lien would not prime McGill’s lien [which he is granted under LSA-C.C. Art. 3217(1), and which is ranked at LSA-R.S. 9:4521]. This constitutes a genuine issue as to material fact.
A motion for summary judgment should be granted only if there is a clear showing that there is no material fact at issue. LSA-C.C.P. Art. 966; Thomas v. Signal Ins. Co., 236 So.2d 874 (La.App. 3 Cir. 1970); Vincent v. Gold, 261 So.2d 75 (La.App. 3 Cir. 1972). If there is doubt concerning the existence or absence of a genuine issue of a material fact, the motion for summary judgment does not lie and must be rejected in favor of a trial on the merits. Henderson v. Falgout, 188 So.2d 208 (La.App. 1 Cir. 1966). In ruling on a summary judgment motion, the court is not to determine the merits of issues involved, or whether it is likely or unlikely that plaintiff may recover; the only question is whether there is a genuine issue of material fact. Leger v. Southern Farm Bureau Casualty Insurance Company, 251 So.2d 801 (La.App. 3 Cir. 1971).
Plaintiff seeks a money judgment against defendant; his crop privilege simply creates a cause of action against Harrell and its enforcement is therefore a means, not an end. Harrell’s crop pledge is a defense to the enforcement of plaintiff’s privilege; its legal existence and the extent to which money was advanced by Harrell to support the 1971 crop lien, are therefore proper subjects of inquiry in a suit, the object of which is a money judgment based on a contending lien.
The judgment sustaining Harrell’s motion for summary judgment is reversed. The case is remanded to the trial court. Costs of this appeal are assessed to defendant Louis P. Harrell, Jr.
Reversed and remanded.