324 So.2d 921 (1975)
Frank SAVOY, Plaintiff and Appellant,
v.
ACTION PRODUCTS COMPANY, INC., et al., Defendants and Appellees.
No. 5196.
Court of Appeal of Louisiana, Third Circuit.
November 20, 1975.
Rehearing Denied January 28, 1976.
Writ Refused March 19, 1976.
*922 Pugh, Buatt, Landry & Pugh by Jerry P. Harmon, Crowley, for plaintiff-appellant.
Voorhies & Labbe by D. Mark Bienvenu, Lafayette, for defendants-appellees.
Before CULPEPPER, DOMENGEAUX and PAVY, JJ.
CULPEPPER, Judge.
This is a suit for damages for personal injuries suffered in a restaurant when the chair in which plaintiff was sitting collapsed. The defendants are (1) the lessors-owners of the restaurant, and their insurer, (2) the lessees-operators of the restaurant, and (3) the manufacturer and retail seller of the chair. From a summary judgment dismissing plaintiff's claim against the lessors' insurer, plaintiff appealed.
The sole issue is whether the lessors' insurer, Sentry Insurance Company, was properly dismissed from the suit on the motion for summary judgment. We find that it was not.
LSA-C.C.P. Article 966 provides in pertinent part that summary judgment should be granted if:
"the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." (Emphasis ours)
Jurisprudence has established that summary judgment procedure should be used cautiously and not as a substitute for trial. Mecom v. Mobil Oil Corporation, 299 So.2d 380 (La.App. 3rd Cir. 1974). A motion for summary judgment should be granted only if there is a clear showing *923 that there is no material fact at issue. Mecom v. Mobil Oil Corporation, supra; McGill v. Griffith, 273 So.2d 366 (La.App. 3rd Cir. 1973). In ruling on a motion for summary judgment, the court is not to determine the merits of issues involved or whether it is likely or unlikely that plaintiff may recover. McGill v. Griffith, supra; Mecom, v. Mobil Oil Corporation, supra, and cases cited therein. Where there is any doubt concerning the existence or absence of a genuine issue of material fact, the motion for summary judgment must be rejected in favor of a trial on the merits. Mecom v. Mobil Oil Corporation, supra; McGill v. Griffith, supra.
The pleadings, depositions and other documents which may be considered for the purposes of the motion for summary judgment, show that the lessees owned the chair. The lessors were not responsible for the chair's condition. Plaintiff contends there was a defect in the floor in addition to the defect in the chair and that both defects were contributing causes of the accident. Of course, the lessors-owners of the building and their insurer are liable if a defect in the floor was a contributing cause.
Plaintiff argues that the deposition of the lessee, Mrs. Higginbotham, shows a defect in the floor caused the accident. Mrs. Higginbotham was asked:
"Q Now what was the floor made of? Was it a tile?
"A It was a tile what was on it, but it was finished. He supposed to put me one before he died and he didn't, and it hasn't been changed yet."
Plaintiff urges this court that the above testimony indicates there was a material issue of fact as to the condition of and safety of the floor in the leased premises.
We cannot agree. A reading of Mrs. Higginbotham's entire deposition leads us to the conclusion that there is no genuine issue as to the condition of the floor. While the above quoted portion of her testimony indicates she thought the owners were going to replace the tile floor, her testimony as a whole is clear that the floor was unbroken, smooth and free of any defects.
Plaintiff also urges in brief that there is a genuine issue of fact as to whether Mrs. Higginbotham is included as a named insured under the terms of the policy. Plaintiff points to the provisions of the policy which includes under persons insured:
"Any person (other than an employee of the named insured) or organization while acting as real estate manager for the named insured ..." (Emphasis supplied)
Plaintiff argues that Mrs. Higginbotham was in fact a real estate manager for the owners within the terms of this provision. He states that she had operated the cafe on the premises for a number of years, was in charge of seeing that the building was kept in good repair, or at least that the lessors were informed of any disrepair, and that she performed all duties normally performed by one having the duty to manage another's real estate.
The trial court was correct in concluding that whether Mrs. Higginbotham was a real estate manager presented no genuine issue of material fact. The definition of real estate manager is a question of law. While we are unable to locate any authority construing the term "real estate manager" in this state or in other jurisdictions, it seems clear to us that a "real estate manager" is simply one who manages real estate for another. A manager is one who "conducts, directs or supervises something", Websters 3rd International Dict. 1372 (3rd Ed. 1966). He is a person who has the conduct or direction of a thing. People v. Boyden, 7 Ill.App.2d 87, 129 N.E.2d 37 (1955).
*924 While a real estate manager may also be a lessee, not all lessees are real estate managers. It is true that a lessee possesses for his lessor and not for himself. LSA-C.C. Article 3441; State, through Department of Highways v. Moity, 276 So.2d 770 (La.App. 3rd Cir. 1973). It is likewise true that the lessee must act as a good administrator of his lessor's property, LSA-C.C. Articles 2710 and 2719. And the Louisiana Civil Code provides that certain repairs must be made by the lessee, and that the lessee may call upon the lessor to make certain others. LSA-C.C. Articles 2693, 2694 and 2695. But though a person who performs these acts may be said to have the "conduct or direction of a thing", he does not as a result of that performance become a real estate manager, for these acts are merely affirmative duties required of every lessee.
While the definition of real estate manager, as we stated earlier, is a question of law, whether in this case Mrs. Higginbotham is included within that definition is a question of fact. We conclude that Mrs. Higginbotham was a mere lessee and not a real estate manager. All of the acts performed by her in connection with the property leased were simply acts consistent with her obligations under the law of lease. She had no relationship with Sentry's insured other than as lessee of the property. The evidence considered by the trial court on the motion for summary judgment shows clearly that Mrs. Higginbotham was not a "real estate manager". Thus, there was no "genuine issue of material fact" as to this question.
Finally, in brief to this court and in oral argument, plaintiff-appellant urges that Sentry Insurance Company should not have been dismissed from the suit because it is liable for medical expenses of plaintiff under the "Medical Pay" provisions of the policy. During oral argument on this appeal, attorney for defendant-appellant agreed that when Sentry receives bills for medical services rendered it will pay those bills up to the policy limits. While there may be a question as to Sentry's liability for these expenses, the statements by defendant's attorney may amount to a judicial confession, LSA-C.C. Article 2291; J. H. Jenkins Contractors, Inc. v. Farriel, 261 La. 374, 259 So.2d 882 (1972). Therefore, this case must be remanded to determine Sentry's liability under the medical pay provisions of its policy. Under LSA-C.C.P. Article 966, summary judgment may be granted for part of the relief sought.
For the reasons assigned, the judgment of the trial court is affirmed except as to Sentry's liability under the medical payments provisions of its policy. This case is remanded to the district court for trial of the medical payments issue. All costs of this appeal are assessed against the plaintiff. Costs in the trial court must await a final judgment there.
Affirmed in part, reversed and remanded in part.