HEARD, Judge.
This is an action for damages for personal injuries sustained by plaintiff when a chair in which he was sitting gave way in the cafe operated by Mable Lyons Higginbot-ham. Suit was instituted by Frank Savoy against Action Products Company, later corrected to be Alladin Plastics, Inc., Josephine Heinen Daigle, Albert T. Daigle, Alfred J. Daigle and Janet Daigle, owners of the building, and their insurer, Sentry Insurance Company, and Hilton Commercial Refrigeration, Inc. On motion for summary judgment the owners of the building were' dismissed and prior to trial, Hilton Commercial Refrigeration and Sentry Insurance Company were voluntarily dismissed, leaving only Alladin Plastics, Inc. and Mable Lyons Higginbotham as parties-defendant.
On trial of the case, the defendant Mable Lyons Higginbotham was not represented by counsel and judgment was rendered against her by default. Plaintiff’s action against Alladin Plastics was dismissed.
Plaintiff appeals the judgment of the trial court asking for an increase in quantum. Defendant Mable Lyons Higginbotham answered the appeal asking that the judgment against her be reversed.
The plaintiff, Frank Savoy, entered People’s Cafe in Church Point on July 27, 1974, at about one o’clock A.M. He proceeded to a table with officers Lee V. Daigle and Wilbur Comeaux. At that time plaintiff weighed 365 pounds and as he sat down in a chair, it collapsed, causing plaintiff to fall to the floor injuring his back.
The chair in question was an orange bucket seat plastic chair manufactured by Alladin to be used as patio furniture. Mrs. Higginbotham had purchased the chair eight years before for $5.95, from Hilton’s Commercial Refrigeration. It had been assembled at Hilton’s Commercial Refrigeration pursuant to instructions issued by Alla-din Plastics at the time of purchase from that company. Evidence disclosed that since the purchase by Mable Higginbotham it had been damaged in a fight in the cafe and had lost a leg which had been rewelded. However, it wasn’t this leg that gave way under the weight of the plaintiff.
Plaintiff introduced expert testimony to the effect that the chair was of unsafe design; however, the testimony was based on the assumption that the chair had been assembled properly. The expert, Dr. Falg-out, also stated that he had now known the chair had been welded, nor used in a fight, and that that might have been instrumental in causing the accident.
The trial court found that the manufacturer could not be held liable for the accident. He did find that the operator of the cafe was negligent, and awarded plaintiff one thousand and no/100 ($1,000.00) dollars in damages against plaintiff.
*932 Appellant contends the following: (1) The trial court erred in failing to accept the testimony of the expert witness; (2) the trial court erred in finding that the manufacturer was free of negligence in the design and use of inappropriate construction material for the chair; (3) the trial court erred in not applying the doctrine of strict liability to the manufacturer; (4) the trial court erred in failing to award special damages; (5) the trial court erred in failing to award an expert witness fee to plaintiff’s expert witness; and, (6) the trial court erred in awarding insufficient damages to the plaintiff.
The weight to be given expert testimony is largely dependent upon the qualification of the experts and the facts upon which their opinions are based, Middle Tennessee Council, Inc., Boy Scouts of America v. Ford, 274 So.2d 173 (La.1973). In this case, the expert witness admitted that he had not known the chair had been welded, or used in a fight, and that that might have been the cause of the accident. Thus, it was within the discretion of the trial court to reject this testimony as to the design of the chair.
The products liability law in Louisiana was set out by the Louisiana Supreme Court as follows:
“A manufacturer of a product which involves a risk of injury to the user is liable to any person, who without fault on his part, sustains an injury caused by a defect in the design, composition, or manufacture of the article if the injury might reasonably have been anticipated. However, the plaintiff claiming injury has the burden of proving that the product was defective, i.e., unreasonably dangerous to normal use, and that plaintiff’s injuries were caused by reason of the defect. . If the product is proven defective by reason of its hazard to normal use, the plaintiff need not prove any particular negligence by the maker in its manufacture or processing; for the manufacturer is presumed to know of the vices in the things he makes, whether or not he has actual knowledge of them.” (Emphasis added; cites omitted) Weber v. Fidelity & Casualty Insurance Co. of New York, 259 La. 599, 250 So.2d 754 (1971).
The plaintiff has failed to carry his burden of proof in that he did not prove that his injury was caused by reasons of a defect in the design or manufacture of the chair. Assuming arguendo that the design was defective, the fact that the chair had been broken and rewelded prior to this accident removes the assumption that the design defect was the cause of the collapse. Thus, the manufacturer cannot be held under the doctrine set forth in Weber.
Defendants, Mable Lyons Higginbotham, answered this appeal and asks that the judgment against her be reversed. She argues, first, that she is not the proper defendant in this action, as she is not a “public merchant” under Civil Code art. 131, nor was she directly negligent.
If defendant is a public merchant, she is the proper party to be sued. However, no showing was made that she was a public merchant; the only testimony being that she and her husband ran the cafe. If the cafe is a community venture, which it would seem it is, then the proper party to sue would have been defendant’s husband, as head and master of the community. Without the husband being party to the suit, no valid judgment can be had. Travelers Insurance Co. v. Veal, 280 So.2d 285 (La.App. 3rd Cir. 1973).
The only way defendant can be held personally liable is to show she breached a personal duty to the plaintiff and thus caused his accident. No such showing was made. The duty owed to plaintiff of a safe seat was owed to him by the cafe, which is a community venture.
For the foregoing reasons, the judgment of the trial court is affirmed, dismissing the demands against Alladin Plastics, Inc., and reversed as to Mrs. Mable Higginbotham. All costs of this appeal are to be paid by plaintiff-appellant.
AFFIRMED IN PART: REVERSED IN PART.