LANDRY, Judge.
This action by Dale E. McDermott (Appellant) seeks damages for dog bite injuries to his minor son Troy, allegedly inflicted by an animal owned by Steven Smith, son of defendant Charles J. Smith, which animal was kept on premises occupied by Charles J. Smith at the time of the incident in question. The premises occupied by Smith were owned by Mrs. Eddie Guarisco, an interdict, whose curator is Anthony J. Guarisco, Sr. The named defendants are Charles J. Smith and the Travelers Indemnity Company (Travelers), alleged insurer of Smith. Both Appellant and Travelers filed motions for summary judgment on the issue of Smith’s alleged coverage under a policy issued to Anthony J. Guarisco, Sr. From judgment dismissing plaintiff’s motion for summary judgment, sustaining Travelers’ motion and dismissing Travelers from the action, plaintiff has appealed.
The sole issue presented is that of Travelers’ alleged coverage of defendant Smith. The motions were submitted on the pleadings, depositions of Smith and Guarisco and an affidavit filed on behalf of Smith.
It is undisputed that Mrs. Eddie Guarisco, sister-in-law of Anthony J. Guarisco, Sr., owned a residence situated at 3003 Catherine Street, Morgan City, Louisiana. On April 4, 1975, Anthony J. Guarisco, Sr. was appointed provisional curator of his sister-in-law, which appointment was made permanent on February 18, 1976. Guarisco, a man of apparent means and varied business interests, had his personal properties, business interests and numerous vehicles insured by Travelers pursuant to a policy entitled Special Business Policy which provided general and automobile liability coverage of Mr. Guarisco. After becoming curator of his sister-in-law, in October, 1975, Guarisco had the policy endorsed to insure himself and “anyone acting as a real estate manager of Anthony J. Guarisco, Sr., and/or the premises located at 3003 Catherine Street, Morgan City, Louisiana”.
The depositions disclose that on May 1, 1975, defendant Charles J. Smith was employed as manager of an incorporated supermarket located in Morgan City and operated by Terry Guarisco, son of Anthony J. Guarisco, Sr. Although the elder Guarisco owns a large share of the corporate stock, he took no part in the operation of the supermarket. From April, 1975, until November, 1975, Smith resided, rent free, in a house owned by Anthony J. Guarisco, Sr., which residence is located in Morgan City. In November, 1975, Smith moved into the residence located at 3003 Catherine Street pursuant to a verbal agreement with Anthony J. Guarisco to purchase the property when Guarisco was confirmed as curator of his sister-in-law and title to the property could be legally conveyed.
Appellant’s original petition named only Smith and Travelers as defendants and alleged that Travelers’ policy covered Smith, Mrs. Eddie Guarisco and/or Anthony J. Guarisco, Sr. By supplemental petition, Appellant alleged that Anthony Guarisco, Sr. had allowed Smith to live in the Eddie Guarisco home rent free and gratuitously. It also alleged that Anthony J. Guarisco, Sr. was Smith’s benefactor and that Guarisco should have inspected the premises and discovered known and unknown dangers. By a subsequent supplemental petition, Appellant alleged that Smith was acting as real estate manager of the Catherine Street property for Anthony J. Guarisco, Sr.
*151 Mr. Guarisco’s deposition recites that a short time before the accident, which occurred February 18,1976, he allowed Smith to live in the Catherine Street property rent free in accordance with a verbal agreement to sell the premises to Smith when Guarisco was in a position to transfer title as curator of the owner. Guarisco did not charge Smith any rent; he imposed no obligation of care or maintenance on Smith; and, gave Smith no instructions concerning use or maintenance of the property. Guarisco assumed that Smith would maintain the premises as a prospective buyer and he considered Smith as owner from the day Smith occupied the premises. Guarisco deposed that he had his personal policy endorsed to cover the subject property solely to protect himself from personal liability for any accident happening on the premises.
Smith’s deposition, in effect, confirms that of Guarisco. It acknowledges that he moved into the Catherine Street residence pursuant to a verbal agreement with Guar-isco to buy the property. He paid no rent, nothing was said about a lease. Immediately upon occupying the residence, he applied for a loan to finance the sale which was agreed to take place when Guarisco was in a position to sell as curator of the owner. He was given no instructions as to care or maintenance of the premises and was not obligated in any way to repair or preserve the property. He conceded that before the sale, he repaired the utility room and painted the entire inside of the residence in anticipation of becoming owner.
In an affidavit filed in the trial court, Smith reiterated the substance of his deposition which he concluded with the self-serving declaration that “at the time of the accident, namely, February 18, 1976, I was simply managing the property for Mr. Anthony J. Guarisco, Sr.”
Appellant and Travelers both rely upon Savoy v. Action Products, Inc., 324 So.2d 921 (La.App.3d Cir. 1975), in urging their respective motions for summary judgment. Savoy defines a real estate manager as “one who manages real estate for another”. In applying this definition to the facts before it, the court, in Savoy, noted:
“While the definition of real estate manager, as we stated earlier, is a question of law, whether in this case Mrs. Higginboth-am is included within that definition is a question of fact. We conclude that Mrs. Higginbotham was a mere lessee and not a real estate manager. All of the acts performed by her in connection with the property leased were simply acts consistent with her obligations under the law of lease. She had no relationship with Sentry’s insured other than as lessee of the property. The evidence considered by the trial court on the motion for summary judgment shows clearly that Mrs. Higgin-botham was not a ‘real estate manager.’ Thus, there was no ‘genuine issue of material fact’ as to this question.”
Whether or not one is a real estate manager who manages real estate for another is a question of fact to be determined in the light of the circumstances of each particular case.
The trial judge found in this instance that there was no dispute as to the material facts attending the relationship between Guarisco and Smith. He also found that the facts show that Smith occupied the premises as permittee of Guarisco, for Smith’s own benefit inasmuch as Smith was to become the owner within a short time and that Smith was under no instruction from or obligation to Guarisco as regards maintenance and care of the property.
A motion for summary judgment may properly be rendered when there is no genuine dispute as to an issue of material fact, and on the basis of the undisputed facts, movant is entitled to judgment as a matter of law. All reasonable doubt in such instances must be resolved in favor of trial on the merits. La.C.C.P. Article 966; George & George v. Bennett, 329 So.2d 793 (La.App. 1st Cir. 1976).
We find no dispute as to material fact in the depositions of Smith and Guaris-co. Both show the same nature of Smith’s possession and occupancy of the premises in question. From the undisputed facts, only *152 one legal conclusion is possible, namely, that Smith’s occupancy was not in the capacity as manager for Guarisco but for Smith’s own use and benefit as a prospective purchaser. The self-serving affidavit filed by Smith terminating with the statement that Smith was simply managing for Guarisco does not alter the result. The declaration that Smith was managing is not a statement of fact but a conclusion which does not put in dispute a material issue of fact. Whether or not Smith was a real estate manager is an issue which will be determined in the light of the undisputed facts attending the relationship between Guaris-co and Smith, not by Smith’s unilateral self-serving conclusion, as to the relationship which the facts establish as a matter of law.
We concur in the trial court’s findings that there is no genuine dispute as to material fact and that the undisputed material facts establish that Smith was not a real estate manager for Guarisco. Consequently, Smith was not an insured under Travelers’ policy.
The judgment is affirmed at Appellant’s cost.
Affirmed.