732 So.2d 719 (1999)
Harry ARMAND, et al., Plaintiffs-Appellees,
v.
RAPIDES BANK & TRUST COMPANY, et al., Defendants-Appellants.
No. 98-1664.
Court of Appeal of Louisiana, Third Circuit.
April 7, 1999.
Writ Denied June 25, 1999.
*720 Jimmy Roy Faircloth, Jr., Alexandria, for Harry Armand et al.
Walter M. Hunter, Jr., Robert G. Nida, Alexandria, for Rapides Bank & Trust Co., et al.
Michael Gonzales Durand, Lafayette, for Globe Indemnity Co.
Joseph J. Bailey, Alexandria, for Gerald J. LaCombe et ux.
Patricia A. Lynch, New Orleans, for American Central Ins. Co.
Keith Armand Rodriguez, Lafayette, for Imperial Trading Co.
Before COOKS, DECUIR and AMY, Judges.
AMY, Judge.
The third party plaintiff in this matter filed an action against the third party defendant insurance company seeking a defense in a suit filed against him. After the insurance company denied the requested defense, the matter was submitted to the lower court. Addressing specific stipulated issues, the court concluded that such a defense was owed under the insurance policy in question and ordered the payment of defense costs. The court denied the third party plaintiff's request for the imposition of damages and penalties finding that the insurance company had not acted in bad faith. Both parties appeal. We affirm.

Factual and Procedural Background
The instant matter stems from a suit brought by Harry Armand, a convenience store operator who leased a store owned by Rapides Bank and Trust (Rapides). The record indicates that the property had been repossessed by the bank and, in 1990, the bank was searching for a buyer. The third party plaintiff in this matter, Gerald LaCombe, entered into negotiations to purchase the property which resulted in a buy-sell agreement with the bank. The agreement was contingent upon the La-Combe's ability to obtain financing, which was sought from a different banking institution. In order to obtain financing, La-Combe was required to have an environmental study conducted of the property.
The subsequent study revealed that the property was contaminated. However, LaCombe remained interested in purchasing the property and, during this time, LaCombe invested money in the property in the form of repairs and renovations. Furthermore, LaCombe had contact with the tenant of the property and delivered rent checks from the tenant to Rapides. *721 In 1991, a new "Agreement to Purchase and Sell" was entered into between the parties. The agreement provided in part, as follows:
This sale is contingent upon the Seller obtaining a clean site certificate from the Louisiana Department of Environmental Quality on or before December 31, 1991. Should such certificate be obtained, then the closing of the sale shall be on or before the 30th day following the issuance of said certificate, but if the Seller is unable to obtain a clean site certificate on or before December 31, 1991, then Purchaser shall have the option of unilaterally renewing this contract for an additional six month period, or terminating the contract in its entirety. If the clean site certificate is not obtained on or before December 31, 1991, then purchaser shall notify Seller of his aforesaid election on or before January 15, 1992.
As part and parcel of this agreement, Seller agrees that Purchaser shall be given possession of the premises, and allowed to manage the same, collecting the rentals and paying all necessary expenses incurred in connection with the operation of the service station and convenience store located on the subject premises. Any monies collected by the Purchaser in excess of expenses shall be retained by the Purchaser. Seller specifically grants Purchaser the right to lease the subject property, collect the rentals and pay the necessary expenses in connection with the business operated thereon.
In accordance with the above agreement, LaCombe obtained a new tenant for the property, Harry Armand. The record reflects that LaCombe collected the rent from Armand and paid expenses. No rental fees were returned to the bank, nor does the commercial lease form confected between LaCombe and Armand identify Rapides as the actual property owner.
In 1995, Armand filed suit against La-Combe and his wife, Margaret LaCombe, as well as Rapides and the original owner from whom the property had been repossessed. Armand maintained that La-Combe and Rapides had express knowledge of leaking underground storage tanks on the property and failed to advise him of possible gasoline contamination when he entered into the lease. He asserted that during road construction outside of the property, the contamination was discovered and that his business was injured during the prolonged construction period. He sought recovery for these damages. This underlying matter is no longer at issue.
After being named as defendants, La-Combe and his wife filed a third party demand against Globe Indemnity Company, Rapides' insurer. LaCombe asserted that he is covered by the Globe policy as it provides coverage for a "real estate manager" of the bank. This coverage was denied by Globe and is the subject matter of this appeal. In order to resolve the issue of whether LaCombe was covered by the Globe policy and, therefore, entitled to a defense, the parties submitted stipulated issues to the lower court. The stipulation placed the following four issues before the court:
(1) whether LaCombe is an omnibus insured as a "real estate manager" per Globe's policies; (2) if so, whether the circumstances of Globe's assertion to the contrary entitled LaCombe to penalties and attorney's fees; (3) if LaCombe is entitled to penalties and attorney's fees, the amount of penalties, if any, which should be awarded (attorney's fees in that event are stipulated below) and (4) whether the fees and costs prior to La-Combe's demand are legally recoverable.
In written reasons for judgment, the district judge found in favor of LaCombe concluding that LaCombe was acting as a real estate manager and, therefore, covered by the Globe policy. He awarded LaCombe the stipulated costs associated with his defense. Although the district judge concluded that a defense was owed, *722 he found that LaCombe's pleadings and deposition testimony confused the issue of whether he was acting as a real estate manager and, thus, Globe's refusal to provide coverage was not arbitrary and capricious. Therefore, penalties and attorney's fees in this regard were denied.
Globe appeals the lower court's determination asserting the following errors:
ASSIGNMENT OF ERROR 1.
The trial court erred as a matter of law in holding that LaCombe acted as a "real estate manager" for the named insured Bank under Globe's policy, as per this Court's precedent, the unambiguous language of the contracts at issue are legally dispositive in showing that LaCombe was not a "manager," which precludes resort to extrinsic evidence as to that issue, but which was nonetheless allowed into the record by the court over Globe's objection, though apparently not considered by the court for its decision.
ASSIGNMENT OF ERROR 2.
The trial court erred in law in holding that the petition allegation that the Lacombe's [sic] were acting as "property managers" is dispositive of Lacombe's insured status, both as a matter of law, and because Lacombe was repeatedly denied that status in answers to the original and amended petitions, additionally by judicial confession.
ASSIGNMENT OF ERROR 3.
In the event the trial court's holding that Lacombe is an omnibus insured under Globe's policy is sustained, the court erred in awarding defense costs predating notice from Lacombe in view of Lacombe's legal denial of "property manager" status before actual notice to Globe.
ASSIGNMENT OF ERROR 4.
In the event that the trial court is held to have properly allowed extrinsic evidence to be admitted at trial, and if in fact used such evidence as the basis for its judgment, then to the extent its judgment is based thereon, it is in manifest error, as there is no relevant evidentiary support to show that Lacombe acted as real estate manager for the Bank rather than being an interested purchaser in possession.
Answering this appeal, LaCombe asserts that the lower court erred in finding that Globe's refusal to provide a defense was not arbitrary and capricious. LaCombe asserts that his refusal requires the imposition of damages and penalties.

Discussion

Real Estate Manager
In the first and fourth assignments of error, Globe addresses the basic contention that the lower court erred in finding that LaCombe acted as a real estate manager for purposes of the insurance policy. Although doing so in a variety of sub-arguments, a general theme in Globe's argument is with regard to the lower court's consideration of extrinsic evidence in determining whether LaCombe was covered under the policy. Admitting that there is no indication in the reasons for ruling that the lower court considered the extrinsic evidence admitted,[1] Globe maintains that only the buy-sell agreement, the lease between LaCombe and Armand, and the Globe policy should have been considered. Globe concludes that these contracts, read together, preclude any finding that La-Combe acted as a real estate manager. The real estate company also asserts that this finding is of a legal nature, not a factual one requiring deference to the lower court.
*723 Furthermore, Globe maintains that the lower court's finding in this area is contrary to jurisprudence. This is so, according to Globe, even if extrinsic evidence is considered. Globe asserts that the parties intent, as evidenced from examining the four corners of the pertinent contract, was clearly not for LaCombe to act as property manager. Rather, he acted for his own benefit, i.e., in order to protect his future investment. In fact, Globe argues, La-Combe cannot be seen to have acted as a real estate manager since he "possessed" the property with intent to purchase. Any actions were taken for his own benefit, not that of Rapides. Finally, Globe asserts that, even if extrinsic evidence is considered, that offered by LaCombe fails to prove he acted as a real estate manager.
In reasons for ruling, the lower court found as follows:
In paragraph eight of the original suit it was alleged that "plaintiff leased the property under a `commercial [l]ease'... from Gerald LaCombe and Margaret D. LaCombe, who were acting as property managers on behalf of Rapides Bank." The facts are clear in this case that the LaCombes were managing the property for the bank until such time as all impediments to a sale were resolved. There is no certainty that the sale will ever take place and as of this date it has not taken place.
This Court finds under the contract and evidence in this case that the plaintiffs in reconvention were "acting as" real estate managers and as such should have been defended by the defendant in reconvention.
With regard to Globe's contention that the above-finding is a finding of law subject to a de novo review, we turn to jurisprudential authority involving similar insurance provisions. In Savoy v. Action Products Co., Inc., 324 So.2d 921, 923 (La.App. 3 Cir.1975), writ denied, 347 So.2d 930 (La.App. 3 Cir.1977), a panel of this court defined the term "real estate manager" as "one who manages real estate for another[]" and stated that a manager is "a person who has the conduct or direction of a thing." The court concluded that, while the definition of real estate manager is a question of law, whether a party is included in that definition is a matter of fact. Id. Therefore, as in Savoy, the instant matter involves both questions of law and questions of fact for review. Those relating to whether LaCombe acted as a real estate manager are issues of fact and, therefore, are afforded the general manifest error or clear error standard of review.
Globe contends that the evidence to be considered is limited to the relevant provisions in the buy-sell agreement, the Armand-LaCombe lease, and the Globe policy. The insurance company contends that these contractual provisions establish the nature of the relationship between the parties and a lack of the parties' intent for LaCombe to "manage" the property. Globe maintains that consideration of any extraneous exhibits or testimony as to the nature of the relationship violates the general principle of contractual interpretation that "[w]here language of a contract is clear and unambiguous, it must be interpreted solely by reference to the four corners of the document." Woolf & Magee v. Hughes, 95-863, p. 5 (La.App. 3 Cir. 12/6/95); 666 So.2d 1128, 1130, writ denied, 96-0073 (La.3/15/96); 669 So.2d 427. Globe argues that, under the contracts at issue, the parties clearly only intended that LaCombe be put in possession of the property in anticipation of future purchase and not that he act as property manager. Our review of the contracts in question do not indicate such clear intent.
Instead, the buy-sell agreement of 1991 indicates that, although future purchase of the property was anticipated, the parties intended for LaCombe to have immediate possession of the property for its care. As seen in the portion of the agreement excerpted above, LaCombe was given possession of the property and was permitted *724 to seek tenants for the store. Furthermore, the buy-sell agreement requires that LaCombe "shall be given possession of the premises, and allowed to manage the same...." (Emphasis added.) Thus, even considering the contracts only within their four corners as urged by Globe, the lower court was not required to find that the parties did not intend for LaCombe to manage the property.
We do not find, however, that the lower court was constrained to consider only the contractual provisions advanced by Globe. Rather, the question before the lower court was whether LaCombe was an omnibus insured as a real estate manager under the Globe policy. The offered testimony and exhibits support the lower court's finding that he was, in fact, acting as a manager. Namely, we point out that, even though he had acquired no property interest in the property, LaCombe solicited tenants, cared for the premises, and collected monthly rent. Furthermore, despite Globe's contention, the jurisprudence in this area, when applied to the facts of this case, does not refute the lower court's conclusion that LaCombe was acting as a real estate manager.
In brief to this court, Globe cites several cases involving a party's status as a real estate manager. See Simmons, on Behalf of Simmons v. State Farm, 607 So.2d 1080 (La.App. 3 Cir.1992); McDermott v. Smith, 364 So.2d 149 (La.App. 1 Cir.1978); Savoy, 324 So.2d 921. In each of the cases referenced, the reviewing court recognized that, in order to be considered a real estate manager, the named insured under the relevant insurance policy must derive some benefit from the relationship. The record in the present case supports a finding that LaCombe and Rapides mutually benefitted from LaCombe's possession of the property. Testimony demonstrates that LaCombe was permitted to retain any rent in excess of the cost of repairs to the building while Rapides was able to protect its interest in the building by keeping the building occupied without having to find tenants or make routine repairs. Far from working solely in his own interest, LaCombe did seek tenants and make repairs to the store. Whether he did so as an interested purchaser in possession is not necessarily controlling, as the type of work performed furthered the interests of both parties prior to a future anticipated purchase. Thus, we find no manifest error in the lower court's factual determination that LaCombe fit within the factual definition of real estate manager.

LaCombe's Denial of Status as a Real Estate Manager
In the second assignment of error, Globe argues that the lower court erred in finding that LaCombe was a real estate manager since he denied that portion of the initial petition alleging this status. Globe maintains that this response, as well as similar responses to subsequent supplemental and amending petitions, amounts to a judicial confession defeating any obligation owed to provide a defense.
First, we point out that, contrary to Globe's assertion in this assignment of error, the lower court's reasons for ruling do not indicate that he necessarily considered the language of the petition instituting this matter dispositive as to the issue. The lower court referenced the initial petition as follows: "In paragraph eight of the original suit it was alleged that `plaintiff leased the property under a `commercial `Lease' ... from Gerald LaCombe and Margaret D. LaCombe, who were acting as property managers on behalf of Rapides Bank.'" Rather than finding that a defense was owed merely due to the allegation in the petition, the remainder of the court's reasons indicate that he considered the evidence presented as he stated that "[t]he facts are clear in this case that the La-Combes were managing the property for the bank until such time as all impediments to a sale were resolved." Thus, the initial petition was not considered dispositive as urged by Globe.
*725 Next, we turn to Globe's argument that LaCombe's answers to the plaintiffs' petition amount to a judicial confession removing any obligation to provide a defense. The petition filed by Armand contains the following language in paragraph eight:
On or about January 3, 1992, plaintiffs leased the property under a "Commercial Lease" (hereafter the "Armand-La-Combe Lease") from Gerald LaCombe and Margaret D. LaCombe, who were acting as property managers on behalf of Rapides Bank. The primary term of the Armand-LaCombe Lease was for a period of six months at $2,100.00 per month. Plaintiffs were granted an option to renew the lease for an additional three years at the rate of $2,100.00 per month. Plaintiffs were further granted a second and third option for an additional six years, at the rate of $2,500.00 per month. Despite express knowledge of the contaminated soil on the property, Rapides Bank and LaCombe failed to make any disclosures whatsoever to plaintiffs of the hazardous and defective condition.
(Emphasis added.) Similar language is found in the first supplemental and amending petition. Answering this allegation by Armand, LaCombe stated as follows: "In response to the allegations contained in paragraph 8 of plaintiffs' petition, defendants admit that a lease was entered into with the plaintiffs and show that the lease is the best evidence of its contents. All other allegations are denied." (Emphasis added.) Furthermore, in answering the fourth supplemental and amending petition filed by Armand which contained similar allegations to paragraph eight of the original petition, LaCombe responded by stating: "The allegations contained in paragraph 8 of plaintiffs' Fourth Supplemental and Amended Petition are denied." Globe contends that these denials made in response to Armand's petition are judicial confessions.
La.Civ.Code art. 1853 provides that "[a] judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it." While such a confession may be made in a party's answer to a petition, a judicial confession must be an express acknowledgment to an adverse fact. See Broussard v. Leger, 624 So.2d 1304 (La.App. 3 Cir.1993), writ denied, 93-2762 (La.1/7/94); 631 So.2d 452.
Our reading of the pleadings described above do not require a finding by the lower court that LaCombe admitted that he was not a real estate manager for purposes of coverage by the Globe policy. Rather, the denial described above is in response to the broad-based allegations of paragraph eight of Armand's petition, a paragraph wherein a variety of allegations are made. None of these allegations involved the issue of any potential coverage by Globe. See Remet v. Martin, 97-0895 (La.App. 4 Cir. 12/10/97); 705 So.2d 1132 (wherein the fourth circuit refused to acknowledge a general denial as a general confession given the "awkward" nature of the pleadings). Given the only general, and not express, acknowledgment of La-Combe's answer to Armand's petition, we do not find that the lower court was constrained to accept the denial of his status as a judicial confession. Thus, we find this assignment to be without merit.

Award of Attorney's Fees Predating Notice by LaCombe
In the third assignment of error, Globe contends that, even if found to owe LaCombe a defense under the policy, the lower court erred in concluding that the defense was owed for the time period prior to demand by LaCombe. Globe maintains that this is particularly true given the fact that, even after notice was given, the information provided to Globe contained only the pleadings referenced above wherein LaCombe denied acting as a real estate manager.
As explained in the discussion of this matter's procedural history, the lower *726 court awarded LaCombe in excess of $39,000.00 for defense-associated costs. At issue in this assignment, however, is the lower court's additional award for costs prior to the February 8, 1996 notice by Rapides that LaCombe was demanding a defense and the filing of the third party demand on February 9, 1996. In this regard, the lower court found as follows:
In conclusion the Court finds that the fees and costs of the plaintiffs in reconvention prior to their demand are awarded. The demand for a defense by the Rapides Bank and Trust Company was made and denied by Globe and that request and denial was sufficient to allow plaintiffs in reconvention to recover its costs and fees prior to February 8, 1996. These fees and costs were stipulated to be $6,130.00 and accordingly this Court awards this additional sum to the plaintiffs in reconvention together with all costs of these proceedings....
We find no error in the lower court's reasoning. Globe had previously issued an insurance policy providing coverage for real estate managers of Rapides and had prior knowledge that LaCombe had been named as a defendant and that his status as a real estate manager was alleged. Given these factual considerations, we find no error in the lower court's determination that Globe's duty to defend arose with knowledge that LaCombe had been named as a defendant and not only upon demand by LaCombe.

LaCombe's AnswerPenalties and Attorney's Fees for Failure to Defend
Answering Globe's appeal to this court, Lacombe contends that the lower court erred in failing to impose damages pursuant to La.R.S. 22:1220. In particular, LaCombe contends that Globe failed to properly investigate his demand and failed to provide a defense as required by the policy.
LaCombe claims entitlement to damages pursuant to La.R.S. 22:1220 which provides, in part, as follows:
A. An insurer ... owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
(3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.
(4) Misleading a claimant as to the applicable prescriptive period.
(5) Failing to pay the amount of any claim due any person Insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater....
In denying the damages sought by La-Combe for Globe's failure to provide a defense, the lower court found as follows:
The next issue is whether the plaintiffs in reconvention is [sic] entitled to penalties for Globe's failure to defend plaintiffs in reconvention in this matter. While the defendant was in error in *727 failing to defend the plaintiffs in reconvention, it did not appear to have acted in bad faith. The LaCombes' pleadings and responses in deposition created some confusion as to their relationship with the bank.
The Court finds that the defendant in reconvention was not arbitrary and capricious in failing to defend and accordingly penalties and attorney fees are denied.
Upon review, we find no manifest error in the lower court's determination that Globe's conduct did not require the imposition of the damages sought. Rather, the record supports the court's conclusion that the parties relationship was not clearly defined at the outset. Therefore, we find LaCombe's assertion that damages are required to be meritless.

DECREE
For the foregoing reasons, the decision of the lower court is affirmed. All costs of this appeal are to be divided equally between the appellants, Globe Indemnity Company and Gerald J. and Margaret D. LaCombe.
AFFIRMED.
NOTES
[1] Over Globe's objection at trial, the lower court admitted the extrinsic evidence, but stated that he might not consider it in the end. The written reasons for ruling indicate that the court considered "the contract and evidence." Globe maintains that, despite the inclusion of the term "evidence," the court made no factual findings.