| JETERS, Judge.
This litigation arose from an accident which occurred on April 11, 1997, wherein the boom of an excavator being transported on a tractor-trailer rig struck an overpass on Interstate Highway 10 in Calca-sieu Parish, Louisiana, causing extensive damage to the excavator. Norwel Equipment Company Limited Partnership (Nor-wel), the owner of the excavator, brought *906 suit against Rob Hardy (Hardy);[1] North-side Planting, L.L.C. (Northside); and Turf Grass Farms, Inc. (Turf Grass) to recover the damages to the equipment. The trial courted granted a summary judgment dismissing Northside and Turf Grass from the litigation, and Norwel has appealed, but only as to the portion of the judgment dismissing Turf Grass. For the following reasons, we reverse.
In its petition, Norwel asserted that the damages to the excavator occurred because of the negligence of Kenneth L. Simien (Simien), the driver of the tractor-trailer rig. Norwel further asserted that Northside and Turf Grass employed Sim-ien at the time of the accident. It is this asserted employment relationship under which Norwel claims liability on the part of Northside and Turf Grass. In its answer to Norwel’s petition, Turf Grass admitted that “Simien was its employee and was acting solely in that capacity” at the time of the accident. Northside asserted in its answer that Simien was an agent of Turf Grass and was at no time its employee.
The evidence presented at the hearing on the motion for summary judgment consisted of only an equipment and rental agreement between Hardy and Norwel and Simien’s deposition. The rental agreement, dated April 10, 1997, provided for the [ «rental to Hardy of the damaged excavator[2] and provided that the equipment was to be “Shipfed] Via Kirk Walker.”
Simien testified in his deposition that he is a self-employed trucking contractor who was merely doing a favor for Kirk Walker (Walker) on the day of the accident. According to Simien, Walker contacted him on April 10, 1997, and told him that “he had an escalator [sic] to move as a favor for someone that was going to do some work for him.” At Walker’s request, Sim-ien agreed to transport the excavator. Walker made arrangements with North-side to borrow a tractor-trailer rig for that purpose. On the morning of April 11, Walker and Simien drove to Northside’s facility near Kinder, Louisiana, obtained the rig, and returned to Walker’s farm near Welsh. Simien then inspected the unit before traveling to Norwel’s Lake Charles, Louisiana facility to obtain the excavator.
In Lake Charles, Simien loaded the excavator and began the return trip to Welsh. As Simien attempted to go under the first overpass he encountered after entering Interstate Highway 10, the boom of the excavator struck the overpass, causing extensive damage. Based on the limited record before it, the trial court concluded that Simien was not the employee of either Turf Grass or Northside. In its appeal, Norwel does not contest the trial court’s judgment in favor of Northside but contends that the trial court erred in dismissing Turf Grass from the litigation. In doing so, Norwel asserts two assignments of error: (1) the trial court erred in failing to recognize Turf Grass’ acknowledgment in its answer that Simien was its employee and (2) the trial court failed to apply the proper legal standard for a motion for | «summary judgment. We consider these assignments together.
OPINION
Appellate courts review summary judgments de novo under the same criteria that govern the trial court’s consideration of whether or not summary judgment is appropriate in any given case. Cormier v. Albear, 99-1206 (La.App. 3 Cir. 2/2/00); 758 So.2d 250. In Babin v. Winn-Dixie Louisiana, Inc., 00-0078, pp. 3-4 (La.6/30/00); 764 So.2d 37, 39-40, the Louisiana Supreme Court recently addressed *907 the conditions under which a summary judgment should be granted.
A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ. P. art. 966(B). This article was amended in 1996 to provide that “summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action ... The procedure is favored and shall be construed to accomplish these ends.” La. Code Civ. P. art. 966(A)(2). In 1997, the legislature enacted La. Code Civ. P. art. 966(C)(2), which further clarified the burden of proof in summary judgment proceedings, providing:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
This amendment, which closely parallels the language of Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), first places the burden of producing evidence at the hearing on the motion for summary judgment on the mover (normally the defendant), who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the | ¿opponent’s case. At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to meet the burden at trial. See Maraist and Lemmon, Louisiana Civil Law Treatise: Civil Procedure, § 6.8 (1999). Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606; Hayes v. Autin, 96-287 (La.App. 3d Cir.12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41.
In the case before us, the initial burden was on Turf Grass to establish a lack of factual support for an essential element of Norwel’s case. Turf Grass’ admission in its answer rendered this burden impossible. Specifically, La. Civ. Code art. 1853 states: “A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it. A judicial confession is indivisible and it may be revoked only on the ground of error of fact.” La.Civ.Code art. 1853 (emphasis added). “It is also well settled that a judicial confession is a party’s explicit admission of an adverse factual element and that it has the effect of waiving evidence as to the subject of the admission, of withdrawing the subject matter of the confession from issue.” Cheatham v. City of New Orleans, 378 So.2d 369, 375 (La.1979) (emphasis added). In addition, it is clear that an admission made in an answer falls within the ambit of La.Civ.Code art. 1853. See Armand v. Rapides Bank & Trust Co., 98-1664 (La.App. 3 Cir. 4/7/99); 732 So.2d 719, writ denied, 99-1318 (La.6/25/99); 746 So.2d 604. However, when a judicial confession is made in a party’s answer to a petition, “[it] must be an express acknowledgment to an adverse fact.” Id. at 725.
*908 Here, we find that Turf Grass, in its answer, expressly and unequivocally acknowledged that Simien was its employee at the time of the accident. Turf Grass I shad ample time to amend its answer concerning this admission and did not do so. Thus, the question of whether Simien was an employee of Turf Grass was no longer a disputed issue to be examined or decided by the trial court at the time of the hearing on the defendants’ motion for summary judgment. Accordingly, we find that the trial court erred in deciding that issue in favor of Turf Grass and in granting the motion for summary judgment in favor of Turf Grass on that basis.
DISPOSITION
For the reasons stated above, we reverse the trial court’s grant of a summary judgment in favor of Turf Grass Farms, Inc. and remand for further proceedings not inconsistent with this opinion. We tax all costs of this appeal to Turf Grass Farms, Inc.
REVERSED AND REMANDED.

. While there is no evidence in the record concerning Hardy's current status in the litigation, counsel for Norwel stated at the hearing on the motion for summary judgment that Hardy had declared bankruptcy and was no longer a party to the litigation.

. The rental agreement actually describes the equipment involved by initials and numbers. However, it is not disputed between the parties that this particular document is the one which corresponds to the equipment involved in the accident before the court.