796 So.2d 839 (2001)
Diana WEEKS
v.
Dr. Etienne R. BROWN, et al.
No. 01 00495-CA.
Court of Appeal of Louisiana, Third Circuit.
October 3, 2001.
*840 Richard B. Cappel, Raggio, Cappel, etc., Lake Charles, LA, Counsel for Defendant/Appellee Dr. Flynn A. Taylor.
James R. Shelton, Onebane, Bernard, etc., Lafayette, LA, Counsel for Defendant/Appellee Dr. Etienne R. Brown.
Randall Scott Iles, Attorney at Law, Lafayette, LA, Counsel for Plaintiff/Appellant Diana Weeks.
Court composed of JIMMIE C. PETERS, GLENN B. GREMILLION, and ELIZABETH A. PICKETT, Judges.
PETERS, J.
This is a medical malpractice action in which the plaintiff, Diana Weeks, appeals the trial court's grant of a summary judgment in favor of one of the defendants, Dr. Etienne R. Brown. For the following reasons, we reverse the grant of the summary judgment and remand this matter to the trial court for further proceedings.

DISCUSSION OF THE RECORD
Ms. Weeks was admitted to Beauregard Memorial Hospital on November 1, 1993, for a hysterectomy. Dr. Brown performed the surgery with the assistance of his partner, *841 Dr. Flynn Taylor. Dr. Brown discharged Ms. Weeks from the hospital on November 5, 1993, but on the next day, she returned to the hospital complaining that her "bowel slowed or ceased functioning." She was readmitted to the hospital under the care of Dr. Brown and Dr. Taylor.
On November 11, 1993, Ms. Weeks was transferred to St. Patrick's Hospital in Lake Charles, Louisiana, where she immediately underwent emergency abdominal surgery. Following this initial surgery, she remained in the intensive care unit of St. Patrick's Hospital for several weeks and suffered additional surgical procedures. Her treating physician at St. Patrick's Hospital ultimately discharged her from the hospital on December 16, 1993.
Ms. Weeks' medical malpractice complaint against Dr. Brown was rejected by a medical review panel on March 5, 1996. The panel concluded that Dr. Brown did not violate the appropriate standard of care required of general practitioners, general surgeons, or obstetrics/gynecology surgeons in rendering medical services to Ms. Weeks. On March 22, 1996, Ms. Weeks filed a suit for damages naming Dr. Brown as the only defendant.
According to Ms. Weeks' original petition, Dr. Brown discharged her on November 5, 1993, "[d]espite high fevers constantly measured during her stay at the [hospital] ... with uncontrolled fever and delirium ... and with an infectious process plaguing her." Ms. Weeks asserts that Dr. Brown knew or should have known of the infection.
After completion of initial discovery, Ms. Weeks joined Dr. Taylor as a party defendant as well. Dr. Taylor's participation in the litigation has given rise to numerous procedural matters, but the issue currently before this court affects him only collaterally.
On January 20, 2000, Dr. Brown filed the first of two motions for summary judgment, seeking dismissal from the litigation on the basis that Ms. Weeks could not "produce expert medical evidence establishing a breach in the standard of care" he owed her in the treatment rendered. After a July 17, 2000 hearing, the trial court rejected this first motion.[1]
The motion for summary judgment at issue in this appeal was filed by Dr. Brown on November 2, 2000. In this motion, Dr. Brown again asserts that at trial Ms. Weeks would be unable to establish "that there was a breach in the standard of care on [his part]." In support of his motion, Dr. Brown attached an excerpt from the deposition of Dr. Michael Traub, Ms. Weeks' expert witness. In his October 25, 2000 deposition, Dr. Traub testified that he "found no breach in the standard of Dr. Brown's care."
Ms. Weeks responded to this motion by submitting the deposition of Paula Williams Holleman, a registered nurse at Beauregard Memorial Hospital, and an affidavit of Dr. Traub as evidence. In his affidavit, Dr. Traub stated the following:
Subsequent to Affiant's discovery deposition on October 25, 2000, the deposition of Paula Williams Holleman was conducted. After considering the testimony of Ms. Holleman, inconsistencies exist between the reported findings of Dr. Brown and the observations and findings of Ms. Holleman.
It would be my opinion that if Ms. Holleman's observations and findings *842 were correct, there would be a breach of the standard of care by Dr. Brown in his treatment of Diana Weeks on November 9, 1993.
Furthermore, the graphic chart that pertained to the vital signs of temperature, respiration, pulse rate and lab work is more consistent with the observations of Ms. Holleman.
At a January 11, 2001 hearing, the trial court granted Dr. Brown's second motion for summary judgment and dismissed him as a party defendant. The trial court then certified this ruling as a partial final judgment pursuant to La.Code Civ.P. art. 1915(B). After the trial court rejected Ms. Weeks' motion for a new trial, she filed this appeal.

OPINION
"Appellate courts review summary judgment de novo, under the same criteria that govern the district court's consideration of whether summary judgment was proper." Guillory v. Dr. X, 96-85, p. 5 (La.App. 3 Cir. 8/28/96), 679 So.2d 1004, 1007 (citing Schroeder v. Bd. of Sup'rs of La. State Univ., 591 So.2d 342 (La.1991)). See also, Norwel Equip. Co. Ltd. P'ship v. Hardy, 00-00934 (La.App. 3 Cir. 12/6/00), 773 So.2d 905.
A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ. P. art. 966(B). This article was amended in 1996 to provide that "summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action... The procedure is favored and shall be construed to accomplish these ends." La.Code Civ.P. art. 966(A)(2). In 1997, the legislature enacted La.Code Civ. P. art. 966(C)(2), which further clarified the burden of proof in summary judgment proceedings, providing:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
This amendment, which closely parallels the language of Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265(1986), first places the burden of producing evidence at the hearing on the motion for summary judgment on the mover (normally the defendant), who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent's case. At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to meet the burden at trial. See MARAIST AND LEMMON, LOUISIANA CIVIL LAW TREATISE: CIVIL PROCEDURE, § 6.8 (1999). Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the *843 motion. Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606; Hayes v. Autin, 96-287 (La.App.3d Cir.12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41.
Babin v. Winn-Dixie Louisiana, Inc., 00-0078, pp. 3-4 (La.6/30/00), 764 So.2d 37, 39-40.
In a medical malpractice action, La. R.S. 9:2794(A) provides that the plaintiff shall have the burden of proving:
(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians ... licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians ... within the involved medical specialty.
(2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill.
(3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.
Thus, to maintain a cause of action for medical malpractice, a plaintiff must present evidence to establish the standard of care applicable, a breach of the standard by the defendant, and a causal connection between the breach and the injury. Pfiffner v. Correa, 94-0924, 94-0963, 94-0992 (La.10/17/94), 643 So.2d 1228.
In his motion for summary judgment, Dr. Brown questioned only whether Ms. Weeks could sustain her burden of proof on the standard of care issue. At the January 11, 2001 hearing, the trial court recognized that Dr. Traub's affidavit established factual support for Ms. Weeks' position concerning this element. Thus, Dr. Brown failed to carry his burden of proof on the issue asserted in his motion. We agree with the trial court's determination in this regard.
Unfortunately, the trial court's analysis did not end at this point. The trial court then concluded that there was "insufficient proof of causation that [Dr. Brown's] malpractice that might have occurred resulted in the injury to [Ms. Weeks]." Ms. Weeks argues in her three assignments of error that the trial court erred in even considering the causation element in ruling on this motion. In her three assignments of error, Ms. Weeks asserts that (1) the trial court erred in even considering the issue of causation as Dr. Brown had neither pled nor briefed that issue; (2) assuming the issue properly pled, summary judgment was not appropriate; and (3) the trial court erred in failing to grant her motion for new trial on the issue. We find merit in the first assignment of error that requires reversal of the trial court's judgment.
In brief, Ms. Weeks asserts that the causation issue arose through a memorandum filed by Dr. Taylor, not Dr. Brown, two days before the hearing on the motion for summary judgment. She asserts that consideration by the trial court of this late filing by a party not directly at interest in the pending motion denied her the right to fair notice that the causation issue would be argued. We agree. While we recognize that La.Code Civ.P. art. 862 provides that "a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party *844 has not demanded such relief in his pleadings," in Shores v. Fidelity & Casualty Co. of New York, 413 So.2d 315, 318 (La.App. 3 Cir.1982), we stated:
We recognize that Louisiana has abandoned the theory of the case pleading and now follows a rule of liberal construction of our procedural laws to allow consideration of any cause of action or defense, even if not properly labeled or prayed for. Nevertheless, the pleadings, taken as a whole, must contain sufficient allegations to afford fair notice to the adverse party of the relief sought.
(Emphasis added).
Dr. Brown argues that consideration of a motion for summary judgment under La.Code Civ.P. art. 966(B) requires consideration of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" and that Dr. Taylor's memorandum constitutes a "pleading." We do not agree that a trial memorandum falls within the definition of "pleading." Louisiana Code of Civil Procedure art. 852 states that pleadings "shall consist of petitions, exceptions, written motions, and answers." In any event, Dr. Taylor's memorandum does not appear in the appeal record, and we can only assume that it was never filed at the trial level. Not being in the record, it is not "on file" as required by La.Code Civ.P. art. 966(B), and thus, the trial court could not consider it.
We conclude that Dr. Brown's motion for summary judgment did not afford Ms. Weeks fair notice that causation would be at issue in the January 11, 2001 hearing, and the trial court erred in considering it in granting the motion. This conclusion requires a reversal of the trial court's judgment and precludes consideration of the remaining two assignments of error.

DISPOSITION
For the foregoing reasons, we reverse the trial court's grant of summary judgment in favor of Dr. Etienne R. Brown and remand this matter to the trial court for further proceedings. We tax all costs of this appeal to Dr. Brown.
REVERSED AND REMANDED.
NOTES
[1] The record before us contains only a minute entry of the trial court's rejection of this motion.